1

2

3

4

5

□ EXPEDITE
□ No hearing set
□ Hearing is set:
Date:_____
Time:_____
Judge/Calendar: _____

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
06/08/2020 10:33:29 AM
Linda Myhre Enlow
Thurston County Clerk

6

7

STATE OF WASHINGTON
SUPERIOR COURT OF WASHINGTON FOR THE COUNTY OF THURSTON

8

9

10

11

12

13

14

15

In the Matter of:

TODD BRINKMEYER

           Petitioner,

   v.

WASHINGTON STATE LIQUOR AND
CANNABIS BOARD,

         Respondent.

Case No.   20-2-01568-34

**PETITION FOR DECLARATORY
JUDGMENT**

16

## I.    PARTIES AND JURISDICTION

17

18

    1.     Petitioner Todd Brinkmeyer is an Idaho resident and a highly valued advisor and financier of a retailer licensed to sell marijuana in Washington (the "Retailer").

19

20

    2.     Respondent the Washington State Liquor and Cannabis Board (the "LCB") is an agency of the State of Washington with its headquarters in Olympia, Washington.

21

    3.     This Court has personal jurisdiction over the parties.

22

23

    4.     This Court has subject matter jurisdiction over this action under RCW 34.05.570 and RCW 7.24.010 *et seq.*

24

    5.     Venue is proper in this Court under RCW 34.05.570.

25

26

PETITION FOR DECLARATORY JUDGMENT - 1

# I.   FACTS

**A.   Washington voters approved recreational marijuana in 2012.**

6.     In 2012, the people of Washington approved Initiative Measure 502 ("I-502"), which legalized the possession and sale of marijuana. In codifying I-502, the legislature affirmed the stated intent of I-502 "to stop treating adult marijuana use as a crime and try a new approach that: (1) Allows law enforcement resources to be focused on violent and property crimes; (2) Generates new state and local tax revenue for education, health care, research, and substance abuse prevention; and (3) Takes marijuana out of the hands of illegal drug organizations and brings it under a tightly regulated, state-licensed system similar to that for controlling hard alcohol." I-502 §1.

7.     The marijuana industry has been an economic powerhouse for the State of Washington. According to the LCB's annual reports, the State has received more than $1.3 billion in excise tax and fees generated from the sale of marijuana since 2014.

**B.   Washington law imposes a durational residency requirement on all licensees and true parties of interest to marijuana licenses.**

8.     The LCB tightly regulates the marijuana industry, and there are hundreds of rules that marijuana businesses must follow. *See generally,* RCW 69.50 *et seq.*; WAC 314-55 *et seq.* (the "LCB Rules"). The LCB Rules include criteria applicants must satisfy to become an owner of a licensed marijuana business.

9.     The LCB Rules require owners of marijuana businesses to obtain licenses from the LCB. Those interested in becoming a licensee must submit an application, after which the LCB thoroughly investigates the applicant to verify compliance with the LCB Rules.

10.     In addition to verifying the applicant would not pose a threat to public health and safety if given a license, the LCB also verifies that the applicant has resided in Washington for at least six months. That is because, by statute and rule, Washington law imposes a durational residency requirement on those who apply for marijuana licenses.

PETITION FOR DECLARATORY JUDGMENT - 2

11.     The statutory residency requirement is in RCW 69.50.331(1)(b), which provides the following:

No license of any kind may be issued to:

(i) A person under the age of twenty-one years;

(ii) A person doing business as **a sole proprietor who has not lawfully resided in the state for at least six months prior to applying to receive a license**;

(iii) A partnership, employee cooperative, association, nonprofit corporation, or corporation unless formed under the laws of this state, and unless all of the members thereof are qualified to obtain a license as provided in this section; or

(iv) A person whose place of business is conducted by a manger or agent, unless the manager or agent possesses the same qualifications required of the licensee.

12.     Notably, the statutory residency requirement in RCW 69.50.331(1)(b) applies only to sole proprietorships.

13.     The LCB expanded the residency requirement through promulgating WAC 314-55-020(10), which expressly requires all marijuana license applicants to reside in Washington for "at least six months" before submitting their application to the LCB:

Under RCW 69.50.331 (1)(c) [sic], **all applicants applying for a marijuana license must have resided in the state of Washington for at least six months prior to application for a marijuana license**. All business entities including, but not limited to, partnerships, employee cooperatives, associations, nonprofit corporations, corporations and limited liability companies, applying for a marijuana license **must be formed in Washington. All members, governors, or agents of business entities must also meet the six month residency requirement. Managers or agents who manage a licensee's place of business must also meet the six month residency requirement.**

14.     The LCB further expanded the residency requirement in WAC 314-55-035, which requires all true parties of interest ("TPIs") to be applicants for a marijuana license. TPIs, which include shareholders, members, managers, partners, officers, stockholders, those who exercise

PETITION FOR DECLARATORY JUDGMENT - 3

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

control over a marijuana business, and any of their spouses must meet the residency requirement in WAC 314-55-020(10).

15.      Moreover, through policy and practice, the LCB requires all applicants it approves as a licensee or TPI to remain a Washington resident. In other words, once a licensee obtains a license, they will forfeit their license (and their business) if they become a resident of anywhere other than Washington.

16.      RCW 69.50.331(1)(b), WAC 314-55-020(10), and WAC 314-55-035 are referred to collectively as the "Residency Requirements." WAC 314-55-020(10) and WAC 314-55-035 are referred to collectively as the "Rules."

**C.   The Residency Requirements are not necessary to vet and approve applicants, but serve the purpose of discriminating against nonresidents for the benefit of Washington residents.**

17.      The LCB initially included the Residency Requirements because of concerns regarding criminal background investigations. After the people of Washington approved I-502, the FBI indicated it would not provide Washington with access to its national criminal database, and the State was concerned it could verify applicants' criminal histories only through the Washington State Patrol database. But the FBI relented—before the very first license was issued under I-502—and agreed to give the LCB access to the federal database.

18.      The LCB has since justified the Residency Requirements by asserting it is beneficial to exclude nonresidents from participating in the state's marijuana industry to the same degree as residents. LCB members have justified the Residency Requirements as necessary to protect "mom and pop" marijuana businesses in Washington.

**D.   The LCB has vetted and approved Petitioner as a debt financier for marijuana businesses, but prohibits him from obtaining equity in marijuana businesses through investments or profit share-based compensation.**

19.      The LCB submits financiers of licensed marijuana businesses to the same vetting and approval process that it performs on licensees and TPIs, except debt financiers are not

PETITION FOR DECLARATORY JUDGMENT - 4

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

subject to the Residency Requirements.

20.     The LCB has twice vetted and approved Petitioner as a debt financier. The LCB approved him as a financier in his individual capacity. The LCB also approved ATC2, LLC as a financier for the Retailer. The LCB's process for approving ATC2 involved vetting and approving Petitioner (and his wife) because he is a lender to and owner of ATC2.

21.     Through its approval of ATC2 as a financier for the Retailer, the LCB has approved Petitioner as a debt financier for the Retailer.

22.     While Petitioner is able to invest in marijuana businesses in Washington by providing debt financing and receiving interest payments, the Residency Requirements prevent Petitioner from sharing in the profit of those businesses by providing equity financing because he is not a Washington resident.

23.     The Residency Requirements also prohibit the Retailer from giving equity to Petitioner as compensation in the same manner that other, non-cannabis businesses are able to compensate their advisors or employees.

**E.     The LCB refuses to allow Petitioner to become an owner of the Retailer because he is an Idaho resident.**

24.     One of the Retailer owners is in ill health, and, in planning out the transfer of his estate upon his declining health or death, would like to bequeath in part and sell in part his ownership interest in the Retailer to Petitioner.

25.     Counsel for Petitioner inquired with the LCB about whether it would approve Petitioner as an owner of the Retailer. On May 20, 2020, the LCB confirmed it would deny Petitioner's application to be put on the Retailer's license because Petitioner does not comply with the Residency Requirements.

26.     The LCB has thus concluded it is safe for the Retailer to take Petitioner's money, but against public policy for Petitioner to become an owner of the business he works for and invests in.

PETITION FOR DECLARATORY JUDGMENT - 5

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

27.    Petitioner thus seeks an order invalidating the Residency Requirements. Petitioner's challenges to the Residency Requirements are authorized by RCW 7.24.020 and RCW 34.05.570(2).

**F.    States and courts alike recognize residency requirements are unconstitutional.**

28.    When other plaintiffs have brought challenges like the Petitioner's, they have been successful. For example, the United States Supreme Court struck Tennessee's residency requirement for liquor store licensees after finding the residency requirement did not promote public health and safety. *Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449, 2474–75, 204 L. Ed. 2d 801 (2019).

29.    In the context of the legalized adult-use marijuana industry, Maine recently declined to defend the constitutionality of its residency requirement, which is strikingly similar to Washington's Residency Requirements.[1] The residency requirement was so patently unconstitutional that Maine announced it would cease enforcing the residency requirement after a complaint was filed but before the court heard a single motion in the case.

**II.           FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE DORMANT COMMERCE CLAUSE**

30.    Petitioner incorporates the preceding allegations.

31.    The Residency Requirements violate the Dormant Commerce Clause of the Constitution for the United States.

32.    The Residency Requirements discriminate against nonresident economic actors, including Petitioner.

33.    The effect of the Residency Requirements is to favor in-state economic interests over out-of-state interests.

34.    The Residency Requirements are not narrowly tailored to advance a legitimate local purpose.

---

[1] https://www.maine.gov/dafs/omp/news-events/news/aump-lawsuit-residency-requirement

PETITION FOR DECLARATORY JUDGMENT - 6

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

35.     There are no set of circumstances in which the Residency Requirements, as currently written, can be constitutionally applied, so the Residency Requirements are both facially invalid and as applied to Petitioner.

## III.   SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE ARTICLE IV PRIVILEGES AND IMMUNITIES CLAUSE

36.     Petitioner incorporates the preceding allegations.

37.     The Residency Requirements violate the Privileges and Immunities Clause under Article IV of the Constitution for the United States.

38.     The Residency Requirements violate Petitioner's fundamental rights that are protected by the Privileges and Immunities Clause.

39.     The Residency Requirements discriminate against nonresidents, including Petitioner.

40.     The LCB lacks a substantial reason to treat Petitioner differently from Washington residents, and any reason it may have does not bear a substantial relationship to the discrimination against Petitioner based on his nonresident status.

41.     There are no set of circumstances in which the Residency Requirements, as currently written, can be constitutionally applied, so the Residency Requirements are both facially invalid and as applied to Petitioner.

## IV.   THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE 14TH AMENDMENT'S PRIVILEGES OR IMMUNITIES CLAUSE

42.     Petitioner incorporates the preceding allegations.

43.     The Residency Requirements violate the Privileges or Immunities Clause of the 14th Amendment.

44.     The Residency Requirements discriminate against nonresidents, including Petitioner.

45.     The Residency Requirements violate Petitioner's fundamental rights that are

PETITION FOR DECLARATORY JUDGMENT - 7

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

protected by the Privileges or Immunities Clause.

46.   The Residency Requirements are not narrowly tailored to serve a compelling governmental interest.

47.   There are no set of circumstances in which the Residency Requirements, as currently written, can be constitutionally applied, so the Residency Requirements are both facially invalid and as applied to Petitioner.

## V.   FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE 14TH AMENDMENT'S DUE PROCESS CLAUSE

48.   Petitioner incorporates the preceding allegations.

49.   Without a rational basis for doing so, the Residency Requirements burden Petitioner's due process rights.

50.   There is no rational basis for treating Petitioner differently from other similarly situated residents.

51.   There are no set of circumstances in which the Residency Requirements, as currently written, can be constitutionally applied, so the Residency Requirements are both facially invalid and as applied to Petitioner.

## VI.   FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE 14TH AMENDMENT'S EQUAL PROTECTION CLAUSE

52.   Petitioner incorporates the preceding allegations.

53.   The Residency Requirements violate the Equal Protection Clause of the 14th Amendment.

54.   The Residency Requirements discriminate against Petitioner based on his nonresident status, and burden his fundamental rights.

55.   The Residency Requirements are not narrowly tailored to serve a compelling governmental interest.

56.   There is no rational basis for treating Petitioner differently from other similarly

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

situated residents.

57.    There are no set of circumstances in which the Residency Requirements, as currently written, can be constitutionally applied, so the Residency Requirements are both facially invalid and as applied to Petitioner.

## VII.    SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE PRIVILEGES OR IMMUNITIES CLAUSE OF THE WASHINGTON STATE CONSTITUTION

58.    Petitioner incorporates the preceding allegations.

59.    The Residency Requirements violate Petitioner's fundamental rights that are protected by the Privileges or Immunities Clause in Article I, section 12 of the Washington State Constitution.

60.    The Residency Requirements unfairly discriminate against Petitioner as a nonresident applicant for a marijuana license to the benefit of resident applicants for a marijuana license.

61.    The State has no reasonable ground for granting these privileges or immunities to residents and not to Petitioner.

62.    There are no set of circumstances in which the Residency Requirements, as currently written, can be constitutionally applied, so the Residency Requirements are both facially invalid and as applied to Petitioner.

## VIII.    SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON EXCEEDING STATUTORY AUTHORITY

63.    Petitioner incorporates the preceding allegations.

64.    Regulations are invalid if they exceed the statutory authority of an agency. RCW 34.05.570(2)(c). Regulations exceed statutory authority if the regulations contradict a statute.

65.    RCW 69.50.331(1)(b) imposes a durational residency requirement exclusively on sole proprietorships. The Rules contradict RCW 69.50.331(1)(b) by imposing the durational

PETITION FOR DECLARATORY JUDGMENT - 9

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

residency requirement on all license applicants and TPIs. The Rules therefore impermissibly exceed the LCB's statutory authority and are invalid.

## IX.    PRAYER FOR RELIEF

As a result, Petitioner asks the Court for an order:

1. Declaring that RCW 69.50.331(1)(b), WAC 314-55-020(10), and WAC 314-55-035 are unconstitutional and invalid;

2. Declaring that WAC 314-55-020(10) and WAC 314-55-035 are invalid because they exceed the statutory authority of the LCB;

3. Permanently enjoining the LCB from enforcing RCW 69.50.331(1)(b), WAC 314-55-020(10), and WAC 314-55-035;

4. Awarding Petitioner his reasonable attorneys' fees and costs;

5. Entering any other relief the Court deems fair and equitable.

DATED this 8th day of June, 2020.

MILLER NASH GRAHAM & DUNN, LLP

*/s/ Andy Murphy*
Daniel J. Oates, WSBA No. 39334
Andy Murphy, WSBA No. 46664
MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way, Suite 300
Seattle, WA 98121
Tel: 206-624-8300
Fax: 206-340-9599
Email: *Dan.Oates@millernash.com*
      *Andy.Murphy@millernash.com*
*Attorneys for Petitioner*

4834-4864-3258.6

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599