1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD BRINKMEYER

                  Petitioner,

    v.

WASHINGTON STATE LIQUOR AND
CANNABIS BOARD,

                  Respondent.

Case No. 3:20-cv-05661-BHS

**ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION**

**[PROPOSED]**

THIS MATTER came before the Court on Petitioner Todd Brinkmeyer's Motion for

Preliminary Injunction (the "Motion"). Having considered the Motion, the Declaration of Todd

Brinkmeyer in Support of Motion for Preliminary Injunction, the Declaration of Scott Atkison in

Support of Motion for Preliminary Injunction, the Declaration of Chris Masse in Support of Motion

for Preliminary Injunction, the Declaration of Andy Murphy in Support of Motion for Preliminary

Injunction, any opposition to the Motion, any papers supporting the opposition, Brinkmeyer's reply

in support of the Motion, any papers supporting the reply, and the files and records herein, the

Court is fully advised in the matter.

The Court hereby FINDS that:

1.      Brinkmeyer has presented evidence and argument that he is likely to succeed on

the merits of his claims.

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

a.   The "Residency Requirements" in RCW 69.50.331(1)(b), WAC 314-55-020(10), and WAC 314-55-035 expressly discriminate against nonresidents of Washington, which includes Brinkmeyer as an Idaho resident, by imposing a durational residency requirement as a condition of becoming a licensee or true party of interest ("TPI") to a licensed marijuana business. Therefore, Brinkmeyer has carried his burden of proving the Residency Requirements are facially invalid because there is no set of circumstances where the laws as currently written can be constitutionally applied.

b.   The Residency Requirements are not needed for Respondent the Washington State Liquor and Cannabis Board (the "LCB" or "State") to maintain oversight over licensed marijuana businesses and their owners. The State can thoroughly vet licensee applicants without requiring residency, the State can adequately monitor business operations because the marijuana businesses licensed by the State are located in Washington, and the State's ability to revoke licenses provides strong incentives to comply with state law.

c.   The Residency Requirements violate Brinkmeyer's right to pursue a livelihood and right to travel, as protected by The Privileges and Immunities Clause in Article IV of the United States Constitution. The State has not presented a substantial reason that justifies the discrimination against nonresidents in the Residency Requirements. The interests the State has identified to purportedly justify the Residency Requirements are not substantially related to a legitimate state objective because the State's existing enforcement authority and enforcement scheme provides less restrictive means to accomplish legitimate state objectives.

d.   The Residency Requirements violate the Dormant Commerce Clause by expressly discriminating against nonresidents. The State can accomplish legitimate local interests with nondiscriminatory alternatives through its existing enforcement authority and enforcement scheme.

e.   The Residency Requirements violate Brinkmeyer's rights under the Fourteenth Amendment's Equal Protection and Privileges or Immunities Clauses, both of which protect the

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION - 2
USDC No. 3:20-cv-05661-BHS

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

right to travel as a fundamental right. The Residency Requirements are therefore subject to and fail strict scrutiny review. The State has not identified a compelling government interest served by the Residency Requirements. Further, the Residency Requirements are not narrowly tailored to serve a government interest because the State's oversight powers provide less restrictive means to accomplish government interests.

       f.   The Residency Requirements violate Brinkmeyer's Fourteenth Amendment due process right to pursue a profession, which is subject to rational basis review. The Residency Requirements are not rationally related to a legitimate government interest because the Residency Requirements are not needed for the State to evaluate whether applicants meet requisite criteria to receive a license or become a TPI.

       g.   The Residency Requirements violate the Privileges or Immunities Clause in Article I, section 12 of the Washington State Constitution. The Residency Requirements grant a privilege to residents that violate Brinkmeyer's right to carry on a business, which is a fundamental right protected by the Washington State Privileges or Immunities Clause. The Residency Requirements discriminate between classes of the same business, as marijuana companies owned by residents have the privilege of operating in Washington while marijuana companies owned by nonresidents do not. The State has not presented evidence that shows the Residency Requirements in fact serve the legislature's stated goal for the Residency Requirements. No evidence was presented that nonresidents inherently constitute a greater threat to public health and safety than residents.

       h.   The State exceeded its statutory authority when promulgating the regulatory Residency Requirements. The statutory Regulatory Requirement in RCW 69.50.331(1)(b) requires residency of sole proprietors and the "members" of a "partnership, employee cooperative, association, nonprofit corporation, or corporation" but the regulatory Residency Requirements require residency from every single licensee and TPI. The regulatory Residency Requirements conflict with the statute by requiring residency from every person who receives

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION - 3
USDC No. 3:20-cv-05661-BHS

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1  profits from a marijuana business (including shareholders and their spouses) even if they are not

2  a sole proprietor or "member" of a business licensed to participate in Washington's marijuana

3  industry.

4       2.     Brinkmeyer presented evidence and argument that he will suffer irreparable harm

5  without the injunction.

6       a.   The State's violation of Brinkmeyer's constitutional rights constitutes irreparable

7  harm. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the

8  deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"). Brinkmeyer

9  is further irreparably harmed because the State has confirmed that the Residency Requirements

10  will prevent him from assuming the equity interests Scott Atkison has in four licensed marijuana

11  retail stores in Washington (the "Stores"). Brinkmeyer and Atkison have been friends for 25

12  years, and Atkison wants to transfer his interest in the Stores to Brinkmeyer in part because

13  Atkison is a Stage IV cancer survivor whose health has progressed to the point where it is

14  prudent for him to plan the disposition of his estate.

15       b.  Atkison wants to transfer his ownership interest and oversight responsibilities in

16  the Stores to Brinkmeyer, but the State will not let him. Brinkmeyer is willing and able to

17  assume that equity interest, in part so he can honor his friend by continuing the business and also

18  to give Atkison and the other owners of the Stores peace of mind that the Stores will be well-

19  capitalized and in strong, experienced hands, which Brinkmeyer can provide. Should Atkison

20  pass before the State is enjoined from enforcing the Residency Requirements, then his equity

21  interest could only transfer to a Washington resident because Brinkmeyer will remain

22  unqualified to obtain the license based solely on his resident status. The only Washington

23  marijuana businesses Brinkmeyer is interested in obtaining an interest in are Atkison's Stores.

24  The Stores are unique to Brinkmeyer, and the loss of them as a going concern constitutes

25  irreparable harm. *See Organo Gold Int'l, Inc. v. Ventura*, No. C16-487RAJ, 2016 WL 1756636,

26  at *10 (W.D. Wash. May 3, 2016).

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION - 4
USDC No. 3:20-cv-05661-BHS

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

1    c. Further, being unable to take over the Stores' ownership and oversight

2 responsibility at a time that would give Atkison comfort and security is additional irreparable

3 harm to Brinkmeyer. *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d

4 597, 603 (9th Cir. 1991).

5    3. Brinkmeyer presented evidence and argument that the balance of equities tips in

6 his favor. Enjoining the State from enforcing the unconstitutional Residency Requirements does

7 not harm the State. *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002).

8 Further, the State has already repeatedly performed the same background checks on Brinkmeyer

9 (and his spouse) that it performs on potential licensees. By repeatedly approving Brinkmeyer as a

10 financier, the State has confirmed there is nothing in his background that prevents him from

11 participating in Washington's marijuana industry. The requested injunction also does not prevent

12 the State from vetting and approving applications to obtain equity in licensed marijuana

13 businesses. Through exercising its broad enforcement ability over the marijuana industry, and

14 ensuring that applicants comply with the remaining rules that apply to State licensees other than

15 the Residency Requirements, the State can still review and process applications in a manner that

16 thoroughly protects the public.

17    4. Brinkmeyer presented evidence and argument that his requested injunction is in

18 the public interest. It "is always in the public interest to prevent the violation of a party's

19 constitutional rights." *Melendres*, 695 F.3d at 1002 (9th Cir. 2012). The injunction will also

20 benefit the public by allowing nonresidents of Washington who meet the State's qualifications to

21 become a licensed marijuana business owner to access Washington's marijuana market.

22 Expanding the market for potential equity holders thereby increases competition, which benefits

23 consumers, and increases access to capital for existing marijuana businesses.

24    5. No bond is required from Brinkmeyer in connection with this injunction because

25 the State can still fully vet marijuana license applicants under the terms of the injunction, and

26 reject applicants that are unqualified, so there is no risk of harm to the State or the public.

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION - 5
USDC No. 3:20-cv-05661-BHS

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1    Now, therefore, the Court hereby ORDERS that:

2           1.      The Motion is GRANTED;

3           2.      The State, as well as its officers, agents, servants, employees, attorneys, and such

4    persons in active concert or participation therewith having notice of this Preliminary Injunction,

5    are hereby restrained and enjoined, pending termination of this action, from enforcing, applying,

6    or relying upon the Residency Requirements in any way or for any purpose.

7           ORDERED this _____ day of _____, 2020.

8

9                                                    _____

10                                                   HONORABLE BENJAMIN H. SETTLE

11   Presented by:

12   MILLER NASH GRAHAM & DUNN LLP

13   *s/Andy Murphy*_____
     Daniel J. Oates, WSBA No. 39334
14   Andy Murphy, WSBA No. 46664
     Pier 70 ~ 2801 Alaskan Way, Suite 300
15   Seattle, WA 98121
     Tel: 206-624-8300
16   Fax: 206-340-9599
     Email: *Dan.Oates@millernash.com*
17           *Andy.Murphy@millernash.com*
     *Attorneys for Petitioner*
18

19

20

21

22

23

24

25

26

1

**DECLARATION OF SERVICE**

2

  I, Brie Geffre, hereby declare under penalty of perjury under the laws of the United States

3

and of the state of Washington, that on this 6th day of August, 2020, I caused the foregoing to be

4

filed using the CM/ECF system which will send notice of the same to all registered parties

5

  SIGNED at Seattle, Washington this 6th day of August, 2020.

6

             *s/Brie Geffre*

7

             Brie Geffre, Legal Assistant

8

4851-9827-2711.2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SERVICE - 7
USDC No. 3:20-cv-05661-BHS