# Exhibit B

**ALERT:** Stay up to date on Maine's COVID-19 Response

# State of Maine Will Not Enforce Marijuana Residency Requirement

**For Immediate Release: Monday, May 11, 2020**
**Contact: David Heidrich (mailto:david.heidrich@maine.gov)**
**Director of Engagement and Community Outreach, Office of Marijuana Policy**

*In filing with federal court, state and plaintiffs note marijuana regulators unlikely to prevail in legal challenge to adult use residency requirement.*

AUGUSTA – Today, the Office of Marijuana Policy announced it will cease enforcement of the State of Maine's adult use marijuana program residency requirements. The decision comes after counsel in the Office of the Attorney General reviewed the law and facts presented in a pending lawsuit filed against the department, *NPG LLC et al v. Maine Department of Administrative and Financial Services et al*, and advised the department on the matter.

At its core, the lawsuit alleged that the residency requirement found in the MLA is a violation of the dormant Commerce Clause of the United States Constitution by explicitly and purposefully favoring Maine residents over nonresidents.

On Monday, the OAG and counsel for Northeast Patients Group filed a joint stipulation of dismissal in federal court acknowledging that the State of Maine was unlikely to prevail in a legal challenge to the adult use residency requirement and stating that the relevant sections of state law and administrative regulation would no longer be enforced. The following statement was included in the joint stipulation:

> The defendants have been advised by the Attorney General that the Maine Marijuana Legalization Act's residency requirement, 28-B M.R.S. sec. 202(2) (the "Residency Requirement"), is subject to significant constitutional challenges and is not likely to withstand such challenges. The Attorney General thus does not intend to defend the Residency Requirement, given the constitutional issues raised in this lawsuit. Accordingly, defendants will not be enforcing the Residency Requirement or any agency rules, regulations or guidance which enforce or implement the Residency Requirement.

"Since being established, OMP has worked to responsibly implement the law, including the residency requirement, while developing a good-faith partnership with industry stakeholders," **said OMP Director Erik Gundersen.** "Regardless of today's announcement, OMP will continue to work diligently to fulfill its obligations to the industry and public."

A residency preference has existed within Maine's Marijuana Legalization Act since its inception. The citizens' initiative passed by voters in November 2016 included a licensing preference for existing medical marijuana program registrants—all of whom are required to be state residents. During the 128th Legislature, this preference was replaced in favor of the four-year resident income taxpayer requirement that exists today.

As is typical in similar circumstances, DAFS and OMP will introduce legislation to remove the relevant language from state law. Once that step is complete, OMP will amend its administrative rule to align it with the underlying statute.

The Mills Administration created OMP within DAFS in February 2019. The Office is responsible for the oversight of all aspects of legalized marijuana, including Maine's existing Medical Use of Marijuana Program.

###

| Credit | Information | Connect with Us | Contact Us |
|---|---|---|---|
| | OMP Home | Facebook | Office of Marijuana Policy<br>162 State House Station |

8/5/2020
State of Maine Will Not Enforce Marijuana Residency Requirement | Office of Marijuana Policy
Case 3:20-cv-05061-BHS Document 9-2 Filed 08/06/20 Page 3 of 3

Copyright © 2020
All rights reserved.

Sitemap

Maine.gov

Site Policies

Accessibility

Twitter

Instagram

Augusta, ME 04333

Phone: (207) 287-3282
Fax: (207) 287-2671

**Commemorating 200 Years of Statehood**

