# Exhibit A

| | |
|---|---|
| **From:** | Reid, Nicola M (LCB) |
| **To:** | Masse, Christine |
| **Cc:** | Smith, Rebecca (LCB); Milovac, Kevin (LCB) |
| **Subject:** | RE: Question re residency |
| **Date:** | Wednesday, May 20, 2020 3:40:58 PM |

Good afternoon, Chris.

Thank you for your concern below, I am doing much better. I am very sorry to hear that your client is terminally ill, my thoughts truly go out to them during this difficult time. When a licensee passes away or becomes incapacitated the business can be assigned to a trustee, receiver, guardian, etc. The individual and/or entity the business is assigned to must meet the requirements to hold the license. So while initially the business could not go to the individual that lives out of state it could in essence go to a qualified individual or receiver who then qualifies and operates the business until the subsequent potential owner moves to Washington and meets the residency requirements. I have included the rule for your reference. Please let me know if you have any further questions.

**314-55-140**
**Death or incapacity of a marijuana licensee.**

(1) The appointed guardian, executor, administrator, trustee, or assignee must notify the WSLCB's licensing and regulation division in the event of the death, incapacity, bankruptcy, or assignment for benefit of creditors of any licensee.
(2) The WSLCB may give the appointed guardian, executor, administrator, trustee, or assignee written approval to continue marijuana sales on the licensed business premises for the duration of the existing license and to renew the license when it expires.
(a) The person must be a resident of the state of Washington.
(b) A criminal background check may be required.
(3) When the matter is resolved by the court, the true party(ies) of interest must apply for a marijuana license for the business.

Sincerely,
Nicola Reid

**From:** Masse, Christine [mailto:Christine.Masse@millernash.com]
**Sent:** Wednesday, May 20, 2020 11:20 AM
**To:** Reid, Nicola M (LCB)
**Cc:** Smith, Rebecca (LCB)
**Subject:** Question re residency

Nicola—

I hope you are doing well and feeling better.

I have a question for you. I have a client that is terminally ill. This person owns cannabis licenses in

Washington and is preparing now to plan for the future of the licenses after their death. One of the people they would like to potentially take over some portion of the ownership of a license is not a Washington resident. I presume the LCB would not approve the transfer for not complying with the six month residency requirement, but would LCB approve the transfer to an out of state resident in this case?

Thanks,

-Chris


**Christine Masse, P.C.**
Partner, Tribal and Government & Regulatory Team Leader

**Miller Nash Graham & Dunn LLP**
Pier 70 | 2801 Alaskan Way - Suite 300 | Seattle, Washington 98121
*Office*: 206.624.8300 | *Fax*: 206.340.9599
**E-Mail** | **Bio** | **Social** | **Blogs**

*We are monitoring the legal and regulatory landscape in response to the* COVID-19 *crisis. To visit our resource page,* please click this link.

------------------------------------
**CONFIDENTIALITY NOTICE:** This e-mail message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the e-mail. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
------------------------------------