**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| TODD BRINKMEYER<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>WASHINGTON STATE LIQUOR AND CANNABIS BOARD,<br><br>　　　　　　　Respondent. | NO. 3:20-cv-05661-BHS<br><br>[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

THIS MATTER is before the Court on Petitioner's Motion for Preliminary Injunction (Motion). The Court has considered the Motion, the Declarations of Todd Brinkmeyer, Scott Atkison, Chris Masse, and Andy Murphy in Support of Motion, the Response to Motion, and the Declaration of Rebecca Smith in Support of Response to the Motion, and any Reply filed in Support of Petitioner's Motion, the files and records herein, and the Court is fully advised in the matter. After careful consideration the Court is persuaded that Petitioner's Motion must be **DENIED**.

## I.　　DISCUSSION

In 2012, voters in the state of Washington passed Initiative Measure 502 (I-502), decriminalizing marijuana. I-502 is primarily codified in Chapter 69.50 RCW. Statutory requirements for licensure included a 3-month residency at the time of application.

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

RCW 69.50.331. This requirement was later amended in 2015 to a 6-month requirement. As pertinent here, it is undisputed that the statutory requirement applies to all members of Limited Liability Companies (LLCs) who are marijuana businesses.

Petitioner, an Idaho resident, where marijuana is illegal under state and federal law, has previously been vetted as a financier for marijuana businesses in Washington, but is interested in assuming ownership of several marijuana retail businesses. Based on the residency requirements, Petitioner is unlikely to qualify for licensure.

Petitioner claims that the residency requirements contained in RCW 69.50.331 and associated rules are unconstitutional. Petitioner and Respondent disagree. Respondent argues that residency requirements are essential to public safety and law enforcement interests, as well as to maintain Washington's unique tiered marijuana system. In particular, Respondent relies upon its Licensing Director Rebecca Smith who lays outs out the follows reasons for the residency requirement (Justifications):

   a. Marijuana is federally illegal under the CSA. Since I-502 passed, Washington has followed the guidance of the *Cole* Memo, which laid out several enforcement priorities for states to follow if they legalized marijuana. Smith Decl. ¶ 4. Those priorities include preventing diversion of marijuana out of state and other criminal activity. Ex. 8. The *Cole* Memo further states that states should have a strong and effective regulatory system in order to protect public safety. *Id.* The residency requirement maintains the strong and effective regulatory system and effectuates the priorities of the *Cole* memorandum. *Id.*

   b. The domicile of marijuana business owners in Washington ensures that a sufficient background check can occur. Smith Decl. ¶ 5. A background check of an owner includes the ability to access local databases, where misdemeanors that a federal background check would not pick up. *Id.* Knowing the character of a future marijuana owner is essential to know whether to license them or not. *Id.*

[PROPOSED] ORDER DENYING
MOTION FOR PRELIMINARY
INJUNCTION

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

c. Local jurisdictions are also empowered to object and provide further insight into any applicant in a Washington marijuana business. Smith Decl. ¶ 8. Domicile in Washington gives the Board ability to contact local authorities and find out additional information regarding any individual who wishes to enter the precarious marijuana industry. *Id.*

d. Washington marijuana owners are held responsible for the conduct of their business, both through regulatory and criminal prosecution. Smith Decl. ¶ 6. With residency established in Washington, Enforcement can locate, interview, and, ultimately hold accountable the individuals who choose to enter the marijuana industry. Smith Decl. ¶ 7. Because Board Enforcement Officers have no jurisdiction outside of Washington, it would impede their ability to conduct investigations and file prosecutions. *Id.*

e. The Washington marijuana industry is a uniquely tiered system—an owner can only be on the retailer or the producer/processor side. Smith Decl. ¶ 9. This is modeled on the liquor regulatory system to prevent big marijuana from taking over the industry, and the overall goal of preventing criminal enterprise. *Id.* Washington also limits retailers to only five licenses total. Smith Decl. ¶ 10. Given that no other state has this set up, elimination of the residency requirement would jeopardize Washington's unique system, as it would be difficult to determine whether an out-of-state applicant already was involved in the marijuana business. Smith Decl. ¶¶ 9-10.

f. Washington boasts a 70 percent rate of displacement of the illegal market by legal marijuana, one of the higher percentages in the United States. Smith Decl. ¶ 14. Given that overproduction and diversion are issues in other states where no residency requirement exists, such as Oregon, there is a correlation of the integral nature of the residency requirement. *Id.*

      g. Washington's residency requirement also protects and respects other states that have chosen not to legalize marijuana. Smith Decl. ¶ 15. A US attorney in a state that has taken a more conservative approach may decide to prosecute citizens that decide to take ownership interest in an out-of-state marijuana business. *Id*.

This matter is now before the Court on Petitioner's Motion for Preliminary Injunction. Petitioner filed his motion in an attempt to have the residency requirement for Washington State marijuana licensure deemed facially unconstitutional. Respondent asserts that Petitioner does not meet any of the four elements necessary to issue a preliminary injunction.

To obtain a preliminary injunction, Petitioner has the burden to demonstrate that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20. Alternatively, Petitioner may secure preliminary injunctive relief by raising "serious questions" going to the merits and showing that a balancing of the hardships "tips sharply" in the Petitioner's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Court finds that under either formulation, Petitioner has not met the four required factors to be entitled to preliminary injunction.

Specifically, the Court **FINDS** as follows:

**A.**    **Likelihood of Merits**

First, the record indicates that there is not a likelihood of Petitioner's success on the merits.

1. **Article IV Privileges and Immunities.** The Court concludes that Petitioner has no fundamental right under the Privileges and Immunities Clause of Article IV to be an owner of a marijuana retailer business. The Court further concludes that even if such right existed, Petitioner concludes that substantial reasons exist for treating residents differently from nonresidents, and the discrimination practiced bears a close relationship to the State's objective. *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 284

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

(1985). In particular, Respondent through its Licensing Director Rebecca Smith provided numerous reasons for the residency requirement—the so-called "Justifications." The Court finds the Justifications to be persuasive and provide numerous substantial reasons including, but not limited to, protecting Washington's unique tiered system and marijuana regulatory system, ensuring owners who are responsible for the business to be domiciled here to be properly investigated, and following the enforcement priorities of the *Cole* memo. The Court concludes that all the Justifications supply the close relationship of maintaining Washington's tightly regulated marijuana industry. This claim fails.

2. **Dormant Commerce Clause (DCC).** The Court concludes that Petitioner cannot assert a DCC challenge because the CSA is an exercise of Congress' power that permits states to encumber marijuana activity as they see fit. *See Gonzales v. Raich*, 545 U.S. 1 (2005). Even if a DCC challenge could be asserted, the Court concludes that the residency requirement is "narrowly tailored to advance a legitimate local purpose." *Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S.Ct. 2449, 2461-62 (2019) (internal quotations omitted). The Court finds *Tennessee Wine* distinguishable and that the Justifications demonstrate the legitimate local purposes needed for domicile of owners. Furthermore, the Court finds that requiring six months of residency is narrowly tailored to advance those goals, for the reasons set forth by Director Smith's Declaration at ¶ 12. This claim fails.

3. **Fourteenth Amendment Equal Protection and Privileges or Immunities Clauses.** The Court concludes that a rational basis standard of review should apply to Petitioner's right to travel assertion. *See Mem'l Hosp. v. Maricopa Cty.*, 415 U.S. 250, 256–57 (1974). The Court further concludes that even if strict scrutiny would apply as described in *Saenz v. Roe*, 526 U.S. 489, 502-04, Petitioner's challenge would still fail because Respondent has demonstrated substantial interests. *Martinez v. Bynum*, 461 U.S. 321 (1983). The

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

Court finds that the State has a substantial interest in having a residency requirement as set forth in the Justifications, including preserving Washington's unique tiered marijuana system separating retailers and producers/processors, ensuring the marijuana rules and regulations can be enforced by the Board Officers, preventing the criminal element from entering Washington's marijuana market, and following the *Cole* Memo. This claim fails.

4. **Fourteenth Amendment Due Process Clause.** It is undisputed by the parties that rational basis review applies to this challenge. *See, e.g., Martinez v. Goddard*, 521 F. Supp. 2d 1002, 1005-06 (D. Ariz. 2007). The Court concludes that the Justifications set forth legitimate reasons and are rationally related to the residency requirement. The Court finds *Gulch Gaming, Inc. v. State of S.D.*, 781 F. Supp. 621, (D.S.D. 1991) distinguishable because at issue was federally legal activity, gambling. In addition, other aspects of the Justifications were not at issue in that case. Finally, the Court finds additionally compelling that Board Enforcement officers can only enforce laws within Washington, whereas gambling officers can cross state lines. Smith Decl. ¶ 7. This claim fails.

5. **Washington's Privilege and Immunities Clause.** The Court concludes that Petitioner cannot assert a claim under Washington's Privileges and Immunities clause because it only protects Washington citizens—not out-of-state citizens. The Court further concludes that even if it did protect out-of-state citizens, Petitioner has not met his burden in showing a fundamental right is implicated. *See Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 811-14, 83 P.3d 419 (2004) (*Grant County* II). Washington has already determined there is no fundamental right in liquor businesses; the Court easily concludes that there cannot be a fundamental right in marijuana retailer or production, a federally illegal activity. *Randles v. Liquor Control Bd.*, 33 Wn.2d 688, 694 (1949); *Jow Sin Quan v. Liquor Control Bd.*, 69 Wn.2d 373, 382 (1966). Even if there was such a right, the Court concludes that reasonable grounds exist, as laid out in

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

the persuasive Justifications, to support the residency requirement. *Ockletree v. Franciscan Health Sys.*, 179 Wn.2d 769, 776 (2014). This claim fails.

6. **Rule Challenge.** The Court finds that Petitioner lacks standing to challenge any "expansion" of the residency requirement in rule. Petitioner seeks to receive the right to be a member of a Limited Liability Company (LLC) that holds ownership interest in a marijuana retailer license. The Petitioner does not assert that the statutory residency requirement would not already apply to a member of an LLC. RCW 69.50.331(1)(b)(ii), (iii). Thus, the Petitioner lacks an "injury in fact" and is not aggrieved by the Board's rules. *Allan v. Univ. of Wash.*, 140 Wn.2d 323, 327, 334 (2000). Even if Petitioner has standing, he only argues that the expansion of the residency requirement to shareholders and spouses in rule exceeded the Board's rulemaking authority. *See* Dkt. #6 at 22. The Court concludes that the Legislative intent was to include a "shareholder" in the statute and any reference in rule to including "shareholder" is merely synonymous with the statute. The Court further concludes that it was within the Board's power to promulgate rules to require spouses to meet the residency requirement. RCW 69.50.342(1); *Haines Marchel v. Wash. State Liquor & Cannabis Bd.*, 1 Wn. App. 2d 712, 716 (2017). This claim fails.

B. **Irreparable Harm**

The Court further finds that the Petitioner has not established irreparable harm. While the Petitioner and Mr. Atkison may be close friends, the turmoil to that relationship in not being able to transfer ownership interest in marijuana businesses does not rise to the level of irreparable harm. Intangible injuries can be deemed irreparable harm, but it does not rise to the level identified in *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) that Petitioner relies upon. Furthermore, there is no evidence that the other members of the LLC marijuana retailers cannot supply the purported business acumen that is currently maintaining the businesses. The Court concludes that Petitioner's comparison to

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

*Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) is also distinguishable, as his level of harm does not rise to the level of a group of individuals being illegally detained at the border. The Petitioner fails to meet his burden in showing irreparable harm.

**C.     Balance of Equities / Public Interest**

The Court can look at the balance of equities and public interest factors together. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014). This Court "must balance the competing claims of injury and must consider the effects on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24.

The Petitioner asserts because he is already vetted as a financier, which is similar but not the same as an LLC member, that the equities are in his favor. The Court questions this assertion as Director Smith raises additional vetting that occurs for an LLC member. Smith Decl. ¶ 11. Moreover, the Court notes, though, that the Petitioner moved for a preliminary injunction based on a facial challenge and has asked this Court to deem the residency requirement inoperable for not just him, but anyone. Dkt. #6 at 8. Licensing Director Smith declared that elimination of the residency requirement would result in potentially hundreds of new applications for cannabis ownership due in part to the first buyer right in contracts. Smith Decl. ¶ 11. She also notes the difficulty of processing the applications due to the impact of the COVID-19 pandemic on the agency, including furloughs and telework. *Id.* Director Smith also declares that removing the residency requirement now and then reinstating later by this Court could result in an upset of the Washington marijuana industry. *Id.* The Court finds these reasons compelling and persuasive.

The Court finds that the equities are in Respondent's favor, and denying the preliminary injunction favors the public interest. The impact on Washington's marijuana industry outweighs Petitioner's individual interest in receiving an ownership right in a cannabis business. The Court also finds that allowing more competition as noted by Petitioner in Washington's marijuana business does not change the Court's calculus. By denying the preliminary injunction, the Court

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

recognizes it is preserving a law that has been intact for eight years. The Court also concludes that marijuana is illegal in Idaho where Petitioner resides, and that this ruling better respects the individual decisions of states in determining legality of marijuana. Petitioner fails to show the equities are in its favor or that this would be in the public's interest.

## II. CONCLUSION

For the above reasons, the Petitioner has failed to meet its burden to show any of the four factors to be entitled to a preliminary injunction.

ACCORDINGLY,

IT IS HEREBY ORDERED:

(1) Petitioner's Motion for Preliminary Injunction is DENIED (Dkt. # ___)

(2) The Clerk is directed to send copies of this Order to counsel for Petitioner, and counsel for Defendant.

Dated this _____ day of _____, 2020.

BENJAMIN SETTLE
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Joshua Orf-Rodriguez*
JOSHUA ORF-RODRIGUEZ, WSBA No. 50101
HAYLEE P. MILLS, WSBA No. 48074
Assistant Attorneys General
1125 Washington St SE
Olympia, WA 98501
Phone: (360) 753-2702
Email: Joshua.OrfRodriguez@atg.wa.gov
　　　　Haylee.Mills@atg.wa.gov

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006