|   |   |
|---|---|
| TODD BRINKMEYER,  Petitioner,  v.  WASHINGTON STATE LIQUOR AND CANNABIS BOARD,  Respondent. | CASE NO. C20-5661 BHS  ORDER TO SHOW CAUSE |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Petitioner Todd Brinkmeyer's ("Brinkmeyer") motion for preliminary injunction. Dkt. 6.

On June 8, 2020, Brinkmeyer filed a petition for declaratory judgment in Thurston County Superior Court for the State of Washington. Dkt. 1-2. Brinkmeyer seeks a declaration that Respondent Washington State Liquor and Cannabis Board's ("LCB") residency requirements for certain individuals associated with licensed marijuana businesses violate his Federal and state constitutional rights. *Id.*

ORDER - 1

1      On July 7, 2020, the LCB removed the matter to this Court.  Dkt. 1.

2      On August 6, 2020, Brinkmeyer filed a motion for a preliminary injunction.  Dkt.
3 6.  On August 24, 2020, the LCB responded.  Dkt. 11.  On August 28, 2020, Brinkmeyer
4 replied.  Dkt. 14.

5      "If the court determines at any time that it lacks subject-matter jurisdiction, the
6 court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "It is to be presumed that a
7 cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing
8 the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins.*
9 *Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

10      In this case, the LCB removed the matter to this Court and asserts that the Court
11 has federal question jurisdiction under 28 U.S.C. § 1331.  Dkt. 1.  The Court, however,
12 sua sponte questions this assertion of jurisdiction because Brinkmeyer requests relief in
13 violation of federal law.  Congress enacted the Controlled Substances Act ("CSA") "to
14 conquer drug abuse and to control the legitimate and illegitimate traffic in controlled
15 substances."  *Gonzales v. Raich*, 545 U.S. 1, 12 (2005).  Because marijuana is a
16 controlled substance under the CSA, Brinkmeyer is requesting that this Court declare
17 unconstitutional laws that prevent him from engaging in the business of cultivating a
18 controlled substance.  As such, the Court questions its authority to declare this state law
19 unconstitutional, allowing Brinkmeyer to participate in violations of the CSA.  Therefore,
20 the Court orders any party to show cause why this Court has jurisdiction over
21 Brinkmeyer's claims.  Failure to show adequate cause or otherwise respond by

22

1  September 14, 2020 will result in dismissal of the federal claims without prejudice and

2  remand of the state law claims.

3       **IT IS SO ORDERED**.

4       Dated this 8th day of September, 2020.

 

                                                     BENJAMIN H. SETTLE
                                                     United States District Judge