The Honorable Benjamin H. Settle

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8 | TODD BRINKMEYER,

9                Petitioner,

10     v.

11 | WASHINGTON STATE LIQUOR &
12 | CANNABIS BOARD,

              Respondent.

13

NO. 3:20-cv-05661-BHS

BOARD'S RESPONSE TO ORDER
TO SHOW CAUSE

14               **I.**      **INTRODUCTION**

15      The Petitioner seeks declaratory relief based on several federal constitutional provisions,

16 alleging that Washington's residency requirement is unconstitutional. The Petitioner has thus

17 alleged "civil actions rising under the Constitution . . . of the United States," 28 U.S.C. § 1331,

18 invoking this Court's subject matter jurisdiction.

19      The federal district courts have repeatedly examined constitutional claims regarding

20 marijuana activity on the merits. The asserted basis for challenging the residency requirement

21 involves a federally illegal activity, which mandates a determination that no constitutional

22 protections exist, but it does not deprive this court of subject matter jurisdiction to make that

23 ruling. The federal courts have only recognized a narrow exception, which is if the federal court

24 is exercising diversity jurisdiction and the remedy sought in a contractual dispute would require

25 ordering a direct violation of the Controlled Substances Act (CSA), 21 U.S.C. § 812, such as

26 awarding profits of a marijuana business. This narrow exception does not apply here since the

BOARD'S RESPONSE TO ORDER TO
SHOW CAUSE -- No. 3:20-cv-05661-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

1    Court is exercising federal question jurisdiction and is only asked to determine whether the

2    residency requirement is constitutional or not.

3        Accordingly, this Court should find that it has subject matter jurisdiction over this matter,

4    decline—on the merits—to find that the state residency requirement violates any federal

5    constitutional provision, and dismiss the federal constitutional claims with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

7        On June 8, 2020, the Petitioner requested a declaratory judgment to invalidate the

8    residency requirement for any person wishing to have an ownership stake in a Washington

9    marijuana business. Dkt. #1-2. The Petitioner asserted that it was entitled to such relief because

10   the Washington residency requirement violated five federal constitutional provisions: the

11   Dormant Commerce Clause, the Article IV Privileges and Immunities Clause, the Fourteenth

12   Amendment's Privileges and Immunities Clause, and the Fourteenth Amendment's Due Process

13   and Equal Protection Clauses. Dkt. #1-2, p. 6-8. The Petitioner also alleged two state law claims

14   for his asserted relief. Dkt. #1-2, p. 9-10. While the Petitioner asks the Court to declare

15   Washington's residency requirement unconstitutional, he does not ask for any relief that requires

16   the Court to issue an order making him an owner in a cannabis business – such a decision would

17   be left to the Washington State Liquor and Cannabis Board (Board). *See* Dkt. #1-2, p. 10.

18       The Board answered the complaint on June 29, 2020, asking that the Court dismiss all

19   claims with prejudice. Dkt. # 1, p. 34. Because of the numerous federal constitutional claims

20   alleged, the Board removed the case invoking this Court's original jurisdiction pursuant to

21   28 U.S.C. § 1331. Dkt. # 1, p. 1-2.

22       On August 6, 2020, the Petitioner moved for a preliminary injunction, raising a facial

23   challenge to the residency requirement and requesting that the Board be enjoined from enforcing

24   the residency requirement entirely. Dkt. #6. On August 24, the Board responded, requesting that

25   the preliminary injunction be denied. Dkt. #11, 13. On August 28, the Petitioner replied.

26   Dkt. #14.

BOARD'S RESPONSE TO ORDER TO
SHOW CAUSE -- No. 3:20-cv-05661-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

On September 8, 2020, the Court issued a show cause order requesting that the parties submit briefing by September 14 demonstrating how it has subject matter jurisdiction to address this case. Dkt. # 17. The Board timely submits this brief.

### III.     AUTHORITY AND ARGUMENT

#### A.     Subject Matter Jurisdiction Legal Principles

Federal courts are courts of limited jurisdiction, 28 U.S.C. §§ 1331–1332, and a party only may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). An issue of federal law is raised if the complaint "is so drawn as to seek recovery <u>directly under the Constitution</u> or laws of the United States . . . ." *Bell v. Hood*, 327 U.S. 678, 681 (1946) (emphasis added). When raising claims grounded in federal law, the plaintiff thus subjects himself to the possibility of removal to federal courts. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997).

#### B.     Subject Matter Jurisdiction in Marijuana Context

##### 1.     Federal courts have resolved federal constitutional claims involving marijuana on their merits and dismissed those claims with prejudice

District courts have routinely exercised subject matter jurisdiction over federal constitutional claims involving marijuana, but hold that activity involving marijuana commerce is not a protected right under the federal constitution. *Schmidt v. County of Nevada*, No. 2:10-CV-3022 FCD/EFB, 2011 WL 2967786, at *6 (E.D. Cal. July 19, 2011) (plaintiff lacked a cognizable property interest in marijuana for purposes of a federal due process claim); *Kent v. County of Yolo*, 411 F. Supp. 3d 1118, 1123-25 (E.D. Cal. 2019) (plaintiff lacked constitutional protected property interest in cannabis cultivation license for purposes of Fifth Amendment

BOARD'S RESPONSE TO ORDER TO
SHOW CAUSE -- No. 3:20-cv-05661-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

Takings Clause; plaintiff also failed to show he was an unfairly targeted cannabis cultivator under the Fourteenth Amendment's Equal Protection Clause); *Marble v. Strecker*, No. CV 13-186-M-DWM, 2014 WL 1404896, at *9 (D. Mont. Apr. 10, 2014) (plaintiff "did not have a federal property interest in the marijuana or in his marijuana card" for purposes of Fourteenth Amendment Due Process Clause); *Raley v. Williams*, No. 2:14-CV-2652-JAM-CMK, 2018 WL 4027020, at *3 (E.D. Cal. Aug. 23, 2018), *report and recommendation adopted in part, rejected in part*, No. 214CV02652JAMDMC, 2018 WL 6620882 (E.D. Cal. Dec. 18, 2018) (no protected property interest in possession of marijuana for purposes of the Fourteenth Amendment Due Process Clause).

Most notably, the Eastern District of Washington found that it had subject matter jurisdiction over a 42 U.S.C. § 1983 claim, when the plaintiff, a Washington marijuana producer, asserted that Chelan County had violated its procedural and substantive due process rights. *Grandpa Bud, LLC v. Chelan County Washington*, No. 2:19-CV-51-RMP, 2020 WL 2736984, at *3, *7 (E.D. Wash. May 26, 2020). The *Grandpa Bud* Court conducted a substantive constitutional analysis, holding that the Plaintiff had not been deprived of a constitutionally protected liberty or property interest. *Id*. The Court explicitly examined the juxtaposition between federal illegality and state legality of marijuana, stating that "[e]ven when cannabis production is a legitimate use of one's property at the state level, such use is not recognized as a protectable property interest under the U.S. Constitution." *Id*. at *4. Importantly, the court stated that it "had jurisdiction over Plaintiff's federal constitutional claims under federal question jurisdiction." *Id.* at *7 (citing 28 U.S.C. § 1331.) (emphasis added).

Here, the Petitioner's challenge is in a similar posture as *Grandpa Bud* and the other cases cited above that address affirmative federal constitutional challenges involving marijuana. In its show cause order, this Court questioned its jurisdiction in this case relying in part on *Gonzales v. Raich*, 545 U.S. 1, 12 (2005). Dkt. # 17, p. 2. This Court quoted the portion of *Gonzales* that iterates the CSA's purpose to "conquer drug abuse and to control the legitimate

BOARD'S RESPONSE TO ORDER TO
SHOW CAUSE -- No. 3:20-cv-05661-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

and illegitimate traffic in controlled substances." *Gonzales*, 545 U.S. at 12. *Gonzales* supports this Court's exercise of subject matter jurisdiction over this case. It held, in response to constitutional claims by medical marijuana patients whose homegrown plants were seized by the federal government, that Congress's Commerce Clause authority includes the power to prohibit, via the CSA, the local cultivation and use of marijuana in compliance with state law. *Id.* at 7, 30-33. *Gonzales* teaches that there is no federal constitutional right to do something illegal, even if such an activity is state sanctioned. The holding impacted the constitutional rights of California medical marijuana patients, and the Court never stated it lacked subject matter jurisdiction to make that ruling.

In fact, several federal district courts have explicitly cited *Gonzales* in finding a party lacks constitutional rights in marijuana activity. *See*, *e.g*., *Schmidt*, at *5 ("Thus, under federal law, marijuana is contraband per se, which means no person can have a cognizable legal interest in it") (citing *Gonzales,* 545 U.S. at 27); *Marble*, at *9 ("Alternatively, marijuana is contraband under federal law.") (citing *Gonzales,* 545 U.S. at 27); *Grandpa Bud*, at *4 ("The generalized concept of a nonconforming land use is tangled with the specific nonconforming land use at issue here, the production of a Schedule I drug without federal approval consistent with the [CSA].") (citing *Gonzales*, 545 U.S. at 14). Significantly, none of these cases were dismissed for lack of subject matter jurisdiction. The key to these types of cases is that the federal courts decided the constitutional questions on their merits, finding no constitutional violations regarding the asserted marijuana interests, and dismissed such claims with prejudice.

Along with reviewing federal constitutional challenges in the marijuana context, the federal courts have also exercised subject matter jurisdiction over other federal law issues, including issues involving the Federal Labor Standards Act (FLSA). *Kenney v. Helix TCS, Inc*., 284 F. Supp. 3d 1186, 1189 (D. Colo. 2018), *motion to certify appeal granted*, No. 17-CV-01755-CMA-KMT, 2018 WL 510276 (D. Colo. Jan. 23, 2018), *and aff'd*, 939 F.3d 1106 (10th Cir. 2019); *Greenwood v. Green Leaf Lab LLC*, No. 3:17-CV-00415-PK, 2017 WL

BOARD'S RESPONSE TO ORDER TO
SHOW CAUSE -- No. 3:20-cv-05661-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

3391671, at *4 (D. Or. July 13, 2017), *report and recommendation adopted*, No. 3:17-CV-00415-PK, 2017 WL 3391647 (D. Or. Aug. 7, 2017).

Notably, in *Kenney*, 284 F. Supp. 3d at 1189 the Defendant raised a defense to the FLSA claim asserting that the court lacked subject matter jurisdiction because the CSA makes marijuana illegal. The court disagreed with the Defendant that it lacked subject matter jurisdiction simply because cannabis is federally illegal—instead, the Court recognized that argument goes to the merits of the FSLA claim. *Id.* The Court specifically stated:

> At the outset, the Court observes that Defendant appears to be confused about the concept of jurisdiction. Its argument does not concern jurisdiction at all. Plaintiff claims that Defendant violated a federal statute—the FLSA—and this Court therefore has subject matter jurisdiction (and specifically, federal question jurisdiction) over the case. . . .
>
> <u>Defendant's argument actually goes to the sufficiency of Plaintiff's claim.</u>

*Id.* (emphasis added).

Following the reasoning of *Kenney*, marijuana's federal illegality should impact the Court's analysis in addressing the merits of the various constitutional challenges, but it does not impair the Court's subject matter jurisdiction. This is even more the case here since this Court would be resolving affirmative federal constitutional challenges, rather than just a cause of action flowing from a federal statute. Under *Gonzales*, *Grandpa Bud*, and the other federal cases cited above, this Court has subject matter jurisdiction—and the resolution of this case dictates the obvious answer that no federal constitutional protections exist to protect the illegal activity. This Court should reach the federal constitutional claims and dismiss them with prejudice.

> **2.      Federal courts have only lacked subject matter jurisdiction when this Court sits in diversity and the nature of the relief sought would require the Court to order a violation of the CSA.**

Federal courts have declined to exercise subject matter jurisdiction when its jurisdiction flows from diversity of citizenship, not a federal question, and the remedy would require the

BOARD'S RESPONSE TO ORDER TO
SHOW CAUSE -- No. 3:20-cv-05661-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

1  Court to enforce a contractual right to award profits or an ownership interest in a cannabis

2  business.

3        For example, in *J. Lilly, LLC v. Clearspan Fabric Structures International, Inc.*,

4  No. 3:18-CV-01104-HZ, 2020 WL 1855190, at *11 (D. Or. Apr. 13, 2020), the Court *sua sponte*

5  questioned whether it "sitting in diversity can award a party lost profits generated from the sale

6  of marijuana . . ." Citing to other similar cases, the court held that it could not enforce the contract

7  because "awarding Plaintiff damages for lost profits would require the Court to compel

8  Defendants to violate the [CSA]" and "that no other remedy exist[ed] except one that would

9  compel a party to violate the CSA." *Id.* at *12. Similarly, in *Polk v. Gontmakher*, No. 2:18-CV-

10  01434-RAJ, 2020 WL 2572536, at *2 (W.D. Wash. May 21, 2020),[1] the Court dismissed the

11  Plaintiff's complaint, in part, because the Court found that it could not command relief for future

12  profits or an equitable interest in a marijuana business because that would contravene federal

13  law.

14        Unlike *J. Lilly* or *Polk*, the nature of the relief asked from this Court is whether

15  Washington's residency requirement is constitutional or not—the remedy requested does not

16  necessitate a determination of whether Petitioner is entitled to be an owner in a marijuana

17  business. Though the tangential effect of an outcome in his favor could lead Petitioner to being

18  able to own a marijuana business, that would not be a part of the Court's order, and thus, the

19  Court would not be ordering a violation of the CSA, the concern of those cases.

20        In fact, regardless of whether the residency requirement is deemed constitutional or not,

21  the Petitioner would still have to file an application with the Board asking that he be vetted and

22  approved to be an owner in a Washington marijuana retail business. Any dispute arising from

23  the application would be separate and distinct from whether the Petitioner has to be a Washington

24  resident when he applies. As *Kenney* teaches, simply because the constitutional analysis of the

25

26      [1] In a previous order, the Court notes that it is "sitting in diversity"—not federal question jurisdiction. *Polk v. Gontmakher*, No. 2:18-CV-01434-RAJ, 2019 WL 4058970, at *2 (W.D. Wash. Aug. 28, 2019)

BOARD'S RESPONSE TO ORDER TO
SHOW CAUSE -- No. 3:20-cv-05661-BHS       7       ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

1  residency requirement touches upon a federally illegal business does not preclude the evaluation

2  of the claims on the merits. And, as determined by many district courts, including the Eastern

3  District of Washington in *Grandpa Bud*, federal question jurisdiction is appropriately exercised

4  in examining federal constitutional claims involving marijuana. This Court should reach the

5  merits of this case and hold that no federal constitutional protections exist for a federally illegal

6  marijuana activity.

7  **IV.    CONCLUSION**

8      For these reasons, the Court should find that it has subject matter jurisdiction over the

9  federal constitutional claims and that those claims fail as a matter of law because ownership in

10  a marijuana business is not protected under the federal Constitution. Not only should the

11  previously filed preliminary injunction motion be denied, but also the Court should follow the

12  many other district courts in finding that the federal constitutional claims involving marijuana

13  should be dismissed with prejudice.[2]

14      DATED this 14th day of September 2020.

15  ROBERT W. FERGUSON
   Attorney General
16

17  */s/ Joshua Orf-Rodriguez*
   JOSHUA ORF-RODRIGUEZ, WSBA No. 50101
18  HAYLEE P. MILLS, WSBA No. 48074
   Assistant Attorneys General
19  1125 Washington St SE
   Olympia, WA 98501
20  Phone: (360) 753-2702
   Email: Joshua.OrfRodriguez@atg.wa.gov
21        Haylee.Mills@atg.wa.gov
   *Attorneys for Respondent*
22

23

24

25  _____
   [2] This Court should also exercise its supplemental jurisdiction over the two state law claims and dismiss
26  them with prejudice. 28 U.S.C. § 1367. But if the Court only wishes to address the federal constitutional claims,
   then the Board asks those claims be dismissed with prejudice, and the state law claims remanded to state court.