THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD BRINKMEYER

        Petitioner,

v.

WASHINGTON STATE LIQUOR AND CANNABIS BOARD,

        Respondent.

Case No. 3:20-cv-05661-BHS

**PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE**

The Court's order directing Petitioner Todd Brinkmeyer ("Brinkmeyer") to show cause why this case should not be dismissed or remanded is predicated on several incorrect presumptions.  First, the order incorrectly presumes that granting a motion for preliminary injunction would in some way violate the Controlled Substances Act ("CSA").  Second, the order fails to recognize the primacy of constitutional questions over potential statutory conflicts.  And finally, the order suggests that the proper remedy is a partial dismissal and partial remand, where the only possible remedy is outright remand of all claims.

**A.**     **A Ruling on the Constitutionality of Washington's Recreational Cannabis Residency Restrictions Does not Violate the CSA**

The Court's order "questions [the court's] authority to declare this state law unconstitutional, allowing Brinkmeyer to participate in violations of the CSA." Order at 2,

PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE - 1
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1   ~~dkt~~Dkt. # 17.  That very premise is faulty, however, as the Court's order is not the proximate
2   cause of any activity that is illegal under the CSA.  The Court's order would not permit
3   Brinkmeyer to import, manufacture, distribute, or possess marijuana.  21 U.S.C. § 801(2).  The
4   only thing it would allow him to do is to submit an application to the Washington State Liquor
5   and Cannabis Board ("LCB") for consideration on the same terms and conditions as any
6   prospective licensee.  The LCB would still need to review, vet, and approve Brinkmeyer's
7   application; and it would only be after the LCB's approval of that application that Brinkmeyer
8   could potentially own and participate in the operation of a licensed cannabis business.  The
9   Court's action would no more "allow" Brinkmeyer to participate in violations of the CSA than
10  would the office supply store that sells him the pen to fill out the license application.  While both
11  are necessary steps, the actions are too remote in the causative chain to give rise to any illegality,
12  much less an illegality of such a substantial nature that it would divest this court of subject
13  matter jurisdiction over the dispute.
14         When federal courts have declined to exercise jurisdiction in cases involving the cannabis
15  industry, those cases have involved resolving commercial disputes among market participants,
16  not the market regulator. For example, in *Polk v. Gontmakher*, 18-cv-01434-RAJ, 2019 WL
17  4058970 (W.D. Wash. Aug. 28, 2019), the court dismissed the plaintiff's complaint where the
18  relief he sought was (1) a share of past profits from a retail cannabis business; and (2) an equity
19  stake in a cannabis business.  The court held that awarding "an ownership interest in, or profits
20  from, NWCS contravenes federal law." *Id.* at *2. *See also Left Coast Ventures Inc. v. Bill's*
21  *Nursery Inc.*, C19-1297 MJP, 2019 WL 6683518 (W.D. Wash. Dec. 6, 2019) (remanding an
22  option contract dispute between two cannabis companies); *but see Green Earth Wellness Center,*
23  *LLC v. Atain Specialty Ins. Co.*, 163 F.Supp.3d 821 (D. Colo. 2016).  Conversely here,
24  Brinkmeyer seeks only an order that directs the LCB to treat him the same as state residents in its
25  review of licensing applications.  He is not asking the court to force the state to award him an
26  interest in a cannabis business, or a share of profits; those issues are neither ripe nor at issue.

PETITIONER'S RESPONSE TO ORDER TO SHOW
CAUSE - 2
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

Instead, this case is more like *In re Cook Investments NW, SPNWY, LLC*, 17-5516 BHS, 2017 WL 3641914, at *2 n.2 (W.D. Wash. Aug. 24, 2017) (Settle, J.). In that case, this Court affirmed a bankruptcy plan of reorganization for a group of businesses that were partly owned by a debtor who also owned and operated state-licensed cannabis businesses. The court noted that confirming the bankruptcy reorganization plan was "in line with the federal government's apparent stance on recreational marijuana, which is to recognize its existence despite federal laws criminalizing the conduct." *Id.* at 2 n.2. In concluding that confirmation of the bankruptcy plan was appropriate, notwithstanding the debtor's dalliance with a licensed cannabis business, the court noted that it was "not sticking its head in the sand and recognizes the complexities of states allowing and regulating the sale of recreational marijuana despite federal laws criminalizing such conduct." *Id.* at *3. In other words, in *In re Cook*, this court confirmed a bankruptcy reorganization plan despite knowing that the debtor was going to operate, or was likely to operate, a state-licensed cannabis business. Here, the Court is merely asked to enter a preliminary injunction enjoining the state from treating licensing applicants differently based on their state residency. In both cases, the issue of the actual operation of the licensed cannabis business is, at best, tangential to the question presented to the Court.

Nothing in the Court's order would require Brinkmeyer to possess, cultivate, or distribute marijuana; the touchstone of any remedy that would constitute a violation of the CSA. *Mann v. Gullickson*, 15-CV-03630-MEJ, 2016 WL 6473215, at *7 (N.D. Cal. Nov. 2, 2016) ("Mandating that payment does not require Gullickson to possess, cultivate, or distribute marijuana, or to in any other way require her to violate the CSA."). That is why a wide variety of courts have routinely heard and decided cases that relate to governmental regulation of licensed cannabis, notwithstanding the CSA. *See NPG, LLC v. City of Portland, Maine*, No. 2:20-CV-00208-Nt, 2020 WL 4741913, at *2 (D. Me. Aug. 14, 2020) (invaliding regulation imposing residency requirements on license applicants); *Hager v. M & K Constr.*, 462 N.J. Super. 146, 166, 225 A.3d 137, 148 (N.J. Super. Ct. App. Div. 2020) (employer's reimbursement of employee's

PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE - 3
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

Miller Nash Graham & Dunn LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

workers compensation expenses for purchasing marijuana did not violate CSA); *Grandpa Bud, LLC v. Chelan Cty. Washington*, No. 2:19-CV-51-RMP, 2020 WL 2736984 (E.D. Wash. May 26, 2020) (adjudicating constitutional claim over county restrictions on use of land for cannabis cultivation); *Joe Hemp's First Hemp Bank v. City of Oakland*, 2016 WL 375082, at *3 (N.D. Cal. Feb. 1, 2016) (noting that state regulatory scheme "*itself* does not violate the Controlled Substances Act but rather regulates certain entities that do.") (emphasis in original). Accordingly, as none of the relief requested by Brinkmeyer would violate the CSA, the Court has the authority to adjudicate this dispute.

### B.  Constitutional Rights Supersede Statutory Provisions

As discussed at length in Petitioner's reply to the motion for preliminary injunction, the State is the beneficiary of billions of dollars of tax revenue from an industry it created, sanctioned, and regulates. The state cannot simultaneously benefit from that system while freeing itself from its constitutional obligations.

Indeed, based on the Court's proposed interpretation of the controlling nature of the CSA, recreational cannabis licensees have no redress for their federal constitutional rights. What other rights can the state regulate away while it reaps the benefit of billions of dollars in tax revenue? Does the state have the right to eliminate jury trials for licensees accused of misconduct in the operation of their business under the auspices of the "regulatory" system? Can the state eliminate the protections of the Fourth Amendment's prohibitions on unreasonable searches and seizures for cannabis licensees?[1] What if a state decided to legalize recreational cannabis, but only made licenses available to white people based on inherently flawed and racist statistics

---

[1] This example is not a hypothetical. The LCB already takes the position that it can search "any premises or parts of premises used in any way connected, physically or otherwise, with the licensed business" at "all times." WAC 314-55-185(1)(a). This gives the agency the regulatory ability to search any premises "in any way connected" to the licensed business, which apparently includes the persons, vehicles, and personal residences of licensees' owners, employees, accountants, and even law firms, without a warrant, probable cause, or satisfaction of any of the requirements of the Fourth Amendment.

PETITIONER'S RESPONSE TO ORDER TO SHOW
CAUSE - 4
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

showing that people of color are more likely to be convicted of drug offenses?[2] Federal courts cannot stand idly by while states run roughshod over citizens' constitutional rights. All of these constitutional protections apply, regardless of the regulatory or statutory overlay,[3] and it is this Court's duty to apply the constitution. *See, e.g., Marbury v. Madison*, 5 U.S. 137, 178 (1803) ("If then the courts are to regard the constitution; and the constitution is superior to any ordinary act of the legislature; the constitution, and not such ordinary act, must govern the case to which they both apply."); *see also id.* ("This is the very essence of judicial duty."). The Constitution takes primacy. U.S. CONST. ART. VI ("The Constitution. . . shall be the supreme Law of the Land.").

As this Court has previously recognized, there are substantial "complexities of states allowing and regulating the sale of recreational marijuana despite federal laws criminalizing such conduct." *In re Cook Investments NW, SPNWY, LLC*, 17-5516 BHS, 2017 WL 3641914, at *3 (W.D. Wash. Aug. 24, 2017) (Settle, J.). These complexities include the need to adjudicate constitutional questions even where there are potential conflicts between state and federal statutory law.

**C.  If the Court is Inclined to Take Action on Jurisdictional Grounds, Remand is the Only Appropriate Remedy**

If the Court concludes that it lacks jurisdiction to hear this lawsuit, the only proper

---

[2] The potential constitutional problems are myriad, and threaten to undermine if not eviscerate the states' experiment into legalizing recreational cannabis. As this Court and others have previously noted, this is inconsistent with the long trend in the federal government to let these experiments play out. *See, e.g., In re Cook Investments NW, SPNWY, LLC*, 17-5516 BHS, 2017 WL 3641914, at *2 n.2 (W.D. Wash. Aug. 24, 2017) (Settle, J.); *see also* Memorandum from James M. Cole, Deputy Att'y Gen., Dep't of Justice, to U.S. Att'ys, Guidance Regarding Marijuana Enforcement 1 (Aug. 29, 2013), https://www.justice.gov/iso/opa/resources/3052013829132756857467.pdf; *see also Mann v. Gullickson*, 15-CV-03630-MEJ, 2016 WL 6473215, at *5 (N.D. Cal. Nov. 2, 2016) (noting the "continued erosion of any clear and consistent federal public policy in this area. . ."). A ruling by this Court refusing to address constitutional questions will incentivize states to stake out extreme, unconstitutional positions in the sake of "enforcement," and to trammel the constitutional rights of U.S. citizens, which will in turn imperil the experiments.

[3] The State cannot reasonably dispute that purveyors of other banned controlled substances (e.g., cocaine, heroin, etc.) retain their constitutional rights.

PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE - 5
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

remedy is to remand the entirety of this case to state court. As an initial matter, the Court has misplaced the burden on the petitioner—who did not file this case in this district—to prove that the court has subject matter jurisdiction to hear the claims; claims the court is threatening to dismiss. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The "strong presumption" against removal jurisdiction means that *the defendant always has the burden of establishing that removal is proper*.") (emphasis added). The State removed the case to this district alleging the existence of subject matter jurisdiction; it has not moved for dismissal on jurisdictional grounds, and if this Court concludes there are jurisdictional defects, the only remedy is remand, not dismissal. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[T]he district court *must* remand if it lacks jurisdiction.") (emphasis added); *Wichman v. McConkey*, C16-5387 BHS, 2016 WL 4361809, at *1 (W.D. Wash. Aug. 16, 2016) (Settle, J.) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it.") (quoting *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 211 (9th Cir. 1998)).

Moreover, federal abstention doctrines support remand rather than dismissal in this case. *See, e.g., Left Coast Ventures Inc. v. Bill's Nursery Inc.*, No. C19-1297 MJP, 2019 WL 6683518 (W.D. Wash. Dec. 6, 2019); *see also Big Sky Sci. LLC v. Bennetts*, 776 F. App'x 541 (9th Cir. 2019). In abstention cases, however, "discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1402 (9th Cir. 1991). Here, there are two forms of abstention that are at issue: *Burfurd* abstention and *Younger* abstention.

    1.    <u>*Burfurd* Abstention Applies</u>

In the Ninth Circuit, *Burford* abstention is appropriate where (1) federal issues are not easily severable from complicated state law issues with which the state courts may have special competence; (2) federal review may disrupt state efforts to establish a coherent policy; and (3) "the state has concentrated suits involving the local issue in a particular court." *Tucker v. First*

PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE - 6
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

*Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991). In a similar case in this district, the court abstained from hearing a dispute between two cannabis businesses. *Left Coast Ventures Inc. v. Bill's Nursery Inc.*, No. C19-1297 MJP, 2019 WL 6683518 (W.D. Wash. Dec. 6, 2019). The court concluded that abstention and remand to state court were the appropriate remedies because it could neither render a decision in violation of the CSA, nor dismiss the case and thus create "disincentives for businesses to comply with state cannabis regulations." *Id.* at *2. The court further found that dismissing the action would "be disruptive of state efforts to establish a coherent policy with respect to a matter of public concern." *Id.* (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814 (1976)).[4]

Here, as in *Left Coast*, the federal issues are not easily severable from state court issues. The state statute permits what the CSA forbids, and thus Washington state courts are the only ones that regularly deal with the state cannabis regulatory system. Second, federal review (or in this instance, refusal to review) will interfere with the State's ability to establish a coherent policy, by creating disincentives to compliance with the regulatory system and a potential loophole where federal constitutional rights, which are supreme, have no redress. *See, e.g., Left Coast*, 2019 WL 6683518, at *2. Unscrupulous licensees that have no judicial recourse will be incentivized to take extra-judicial actions to obtain remedies that are unavailable to them. And finally, the state regularly concentrates claims relating to regulatory disputes and state agencies in Thurston County Superior Court, where this case was originally filed. *See* RCW 34.05.570(2)(b)(i). So a remand order will return this case and this dispute to the proper forum where it should have remained. If the Court declines to exercise jurisdiction, the overwhelming

---

[4] Although *Left Coast* was before the court on Diversity grounds, in *Burford,* the case was before the court under both Federal Question and Diversity jurisdiction. *Burford v. Sun Oil Co.*, 319 U.S. 315, 333−34 (1943). The Court reasoned that abstention was nonetheless appropriate because the federal rights could be reviewed on future applications following the state court adjudication. *Id.*; *see also Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1404 (9th Cir. 1991) ("Any federal rights at issue could be heard in state court, with ultimate review of the federal question fully preserved."). The same is true here.

PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE - 7
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

MILLER NASH GRAHAM & DUNN LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

weight of the evidence and precedent favors remand of all issues, including federal constitutional claims, for consideration in the state superior court.

2. *Younger* Abstention Applies

*Younger* abstention applies if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010); *see also Younger v. Harris*, 401 U.S. 37 (1971). Here, the Court should remand to the ongoing state proceedings, which are in abeyance following removal. As previously noted, those proceedings implicate important state interests, and the state court is fully capable of assessing and adjudicating the federal claims. *See, e.g., Big Sky Sci. LLC v. Bennetts*, 776 Fed. Appx. 541, 542 (9th Cir. 2019) (reversing district court and applying *Younger* abstention where the stayed state court was prepared to adjudicate pending claims and constitutional defenses of hemp seized as illegal under Idaho law in purported contravention of the federal Agricultural Improvement Act of 2018).

\*\*\*

For the foregoing reasons, the Court should either adjudicate the present dispute, or remand it in its entirety to state court so that it can be litigated where it was originally filed.[5]

DATED this 14th day of September, 2020.

MILLER NASH GRAHAM & DUNN LLP

*s/Daniel J. Oates*
Daniel J. Oates, WSBA No. 39334
Andy Murphy, WSBA No. 46664
Pier 70 ~ 2801 Alaskan Way, Suite 300

---

[5] Unlike a remand order, a dismissal of claims would be appealable as a matter of right. *Compare* 28 U.S.C. § 1447(d) *with* 28 U.S.C. § 1291. Because an appeal would unduly delay resolution of these critical constitutional questions, the proper remedy is remand so the matter can proceed apace.

PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE - 8
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

**MILLER NASH GRAHAM & DUNN LLP**
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Seattle, WA 98121
Tel: 206-624-8300
Fax: 206-340-9599
Email: *Dan.Oates@millernash.com*
       *Andy.Murphy@millernash.com*
*Attorneys for Petitioner*

PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE - 9
USDC No. 3:20-cv-05661-BHS

572302-0001/4825-5871-7130.4

**MILLER NASH GRAHAM & DUNN LLP**
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

**DECLARATION OF SERVICE**

I, Jennifer L. Schnarr, hereby declare under penalty of perjury under the laws of the United States and of the state of Washington, that on this 14th day of September, 2020, I caused the foregoing to be filed using the CM/ECF system which will send notice of the same to all registered parties

SIGNED at Burien, Washington this 14th day of September, 2020.

_____
Jennifer L. Schnarr, Legal Assistant

DECLARATION OF SERVICE - 10
USDC No. 3:20-cv-05661-BHS
572302-0001/4825-5871-7130.4

**MILLER NASH GRAHAM & DUNN LLP**
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599