THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD BRINKMEYER

    Petitioner,

v.

WASHINGTON STATE LIQUOR AND CANNABIS BOARD,

    Respondent.

Case No. 3:20-cv-05661-BHS

**STIPULATED MOTION TO LIFT STAY**

**NOTE ON MOTION CALENDAR:**
November 19, 2021

## I.    INTRODUCTION AND RELIEF REQUESTED

This Court *sua sponte* invoked *Pullman* Abstention, and stayed Petitioner Todd Brinkmeyer's federal claims until Washington State courts resolved his claims arising from state law. The Thurston County Superior Court has resolved Brinkmeyer's state law claims by dismissing them with prejudice and that resolution is final, as Brinkmeyer did not appeal that ruling. Consistent with this Court's previous order, the Parties request the Court lift the stay so Brinkmeyer's federal law claims may be adjudicated.

## II.    EVIDENCE RELIED UPON

The motion relies upon the Court's file and the concurrently filed Declaration of Andy Murphy in Support of Motion to Lift Stay ("Murphy Decl.").

//

STIPULATED MOTION TO LIFT STAY- 1
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

### III.  FACTS

On June 8, 2020, Brinkmeyer filed this suit against the Washington State Liquor and Cannabis Board ("LCB") in Thurston County Superior Court for the State of Washington. Dkts. 1, 2. Brinkmeyer sought to invalidate the durational residency requirements for Washington's licensed cannabis industry (the "Residency Requirements") by alleging causes of action based on both Washington State and federal law. Dkt. 1. On July 7, 2020, the LCB removed the case to this Court based on federal question jurisdiction. Dkt. 1. Brinkmeyer filed a motion for a preliminary injunction in this Court on August 6, 2020. Dkt. 6. The parties had fully briefed the preliminary injunction motion by August 28, 2020. Dkts. 13, 14. On September 8, 2020 and before this Court ruled on the preliminary injunction motion, this Court issued an order to show cause, seeking briefing on whether this Court lacked jurisdiction. Dkt. 17. The parties responded and both agreed this Court had jurisdiction over Brinkmeyer's claims. Dkts. 18, 19. On October 5, 2020, the Court ruled it had jurisdiction over Brinkmeyer's claims, but *sua sponte* invoked *Pullman* abstention, then severed and remanded Brinkmeyer's state law claims to the Thurston County Superior Court. Dkt. 20 at 4, 6. The Court stayed this matter "pending final resolution of the state law claims" and asked the parties to file a motion to lift the stay once the "state court matter is resolved or move to dismiss this case if the dispute is otherwise resolved." *Id*. at 6–7.

On October 26, 2020, the Thurston County Superior Court re-instituted the state action for a limited consideration of the state law issues. Murphy Decl. Ex. A. Brinkmeyer sought a preliminary injunction in state court on December 30, 2020, which was denied on January 29, 2021. *Id*. Exs. B, C. The parties agreed to a summary judgment briefing schedule that accommodated parental leave for the LCB's counsel. *Id*. ¶ 3. Consistent with that briefing schedule, the parties both sought summary judgment on the state law claims: (1) whether the Residency Requirements contravened the Washington Constitution's Privileges and Immunities Art. I, section 12 clause; and (2) whether the Residency Requirements exceeded the LCB's statutory authority. *Id*. Exs. D, E. On July 23, 2021, the Thurston County Superior Court

STIPULATED MOTION TO LIFT STAY- 2
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

dismissed with prejudice all of Brinkmeyer's state law claims. *Id*. Ex. F at 2–3. The period to appeal the state court's order has lapsed, so the decision of Brinkmeyer's state law claims has become final. *See* Wash. RAP 5.2. In November 2021, Brinkmeyer asked the LCB if it would stipulate to lift the Court's stay, and the LCB agreed. Murphy Decl. ¶ 4.

The LCB continues to enforce the Residency Requirements, so Brinkmeyer returns to this Court seeking a determination of whether the Residency Requirements violate his federal rights. The parties believe that this case is poised for resolution on cross-motions for summary judgment; they anticipate agreeing to a briefing schedule and filing those motions in the coming months.

### IV.   ARGUMENT

A full determination of state issues by the Washington Superior Court has satisfied the concerns motivating *Pullman* abstention, so the parties ask this Court to lift its stay. Three elements are pre-requisites to invoking *Pullman* abstention: "(1) the complaint must involve a 'sensitive area of social policy' that is best left to the states to address; (2) 'a definitive ruling on the state issues by a state court could obviate the need for [federal] constitutional adjudication by the federal court'; and (3) 'the proper resolution of the potentially determinative state law issue is uncertain.'" *Fireman's Fund Ins. Co. v. City of Lodi, California*, 302 F.3d 928, 940 (9th Cir. 2002) (footnotes and citations omitted). As this Court noted in its abstention order, "*Pullman* allows postponement of the exercise of federal jurisdiction when 'a federal constitutional issue… might be mooted or presented in different posture by a state court determination of pertinent state law.'" Dkt. 20 at 4 (quoting *Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir. 1984)) (ellipsis in original). Put another way, once *Pullman* abstention is invoked, the "plaintiff must then seek a definitive ruling in the state courts on the state law questions before returning to the federal forum." *San Remo Hotel v. City & Cty. Of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998).

Brinkmeyer has satisfied the conditions set by the Court to lift its stay on his federal claims, and *Pullman* abstention is no longer warranted. Dkt. 20 at 7. There are no longer any issues where

STIPULATED MOTION TO LIFT STAY- 3
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

a state court ruling could obviate the need for federal constitutional adjudication by this Court, nor are there any remaining issues where "determinative state law issues [are] uncertain." *Fireman's Fund*, 302 F.3d at 940. The Thurston County Superior Court has conclusively resolved all state law issues by granting summary judgment to the LCB and dismissing with prejudice all of Brinkmeyer's claims arising from state law. That resolution did not provide Brinkmeyer any relief. Thus, there is no longer a need for this Court to stay Brinkmeyer's federal causes of action.

## V.   CONCLUSION

The parties have followed this Court's instructions, and the factors underpinning *Pullman* abstention are no longer present. Therefore, the parties respectfully asks this Court to lift its stay and exercise the jurisdiction it has already found it possesses.

Stipulated and Agreed to this 19th day of November, 2021, by:

MILLER NASH LLP

s/ *Andy Murphy*
Daniel J. Oates, WSBA No. 39334
Andy Murphy, WSBA No. 46664
MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way, Suite 300
Seattle, WA  98121
Tel: 206-624-8300
Fax: 206-340-9599
Email: Dan.Oates@millernash.com
           Andy.Murphy@millernash.com

*Attorneys for Petitioner*

Stipulated and Agreed to this 19th day of November, 2021, by:

ROBERT W. FERGUSON
Attorney General

s/ *Joshua Orf-Rodriguez*
Joshua Orf-Rodriguez, WSBA No. 50101
Penny Allen, WSBA No. 18821
Assistant Attorneys General
1125 Washington Street SE, PO Box 40110
Olympia, WA 98504-0110
Phone:  (360) 753-2702
E-mail:  Joshua.Orf-Rodriguez@atg.wa.gov
             Pennyl.Allen@atg.wa.gov

*Attorneys for Respondent*

STIPULATED MOTION TO LIFT STAY- 4
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599