THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD BRINKMEYER,

    Petitioner,

v.

WASHINGTON STATE LIQUOR AND CANNABIS BOARD,

    Respondent.

Case No. 3:20-cv-05661-BHS

**JOINT STATUS REPORT AND DISCOVERY PLAN**

In accordance with Fed. R. Civ. P. 26(f), LCR 26(f), and this Court's orders dated November 24, 2021 and July 21, 2020 (Dkt. 5), the parties submit the following Joint Status Report and Discovery Plan.

As a preliminary matter, the parties anticipate the case will be resolved on cross motions for summary judgment, and they have agreed to file their respective motions by February 1, 2022. Accordingly, the parties do not believe discovery is necessary, and they do not propose a discovery plan. If unadjudicated claims remain after the Court rules on the parties' summary judgment motions, the parties will confer in good faith, amend this report, and propose a discovery plan and a trial date.

//

//

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

**1. A statement of the nature and complexity of the case**.

RCW 69.50.331(1)(b)(ii)–(iv), WAC 314-55-020(11),[1] and WAC 314-55-035(1) (collectively the "Residency Requirements") limit ownership in cannabis businesses licensed by Respondent to those who have resided in Washington for at least six months. Petitioner seeks declaratory judgment that the Residency Requirements are unconstitutional and an injunction prohibiting Respondent from enforcing the Residency Requirements. The parties agree that this case is not complex, either in terms of the number of documents, the number of witnesses, or the legal issues at hand.

**2. A proposed deadline for the joining of additional parties**.

All necessary parties have been joined.

**3. Whether the parties consent to the assignment of a Magistrate Judge.**

The parties do not consent to assignment to a full-time U.S. Magistrate Judge.

**4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

    a. **Initial disclosures:**

The parties agree exchanging initial disclosures is not necessary because they will not be conducting discovery.

    b. **Subjects, timing, and potential phasing of discovery:**

The parties do not anticipate pursuing discovery.

    c. **Electronically stored information:**

The parties do not expect to conduct any discovery of electronically stored information ("ESI").

---

[1] Petitioner's complaint references WAC 314-55-020(10), but Respondent has since amended this regulation, so the challenged Residency Requirement is now in subsection 11.

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

**d. Privilege issues:**

The parties do not anticipate privilege issues.

**e. Proposed limitations on discovery:**

The parties do not propose limitations on discovery outside of the limitations provided in applicable Federal Rules and Local Rules.

**f. Need for any discovery related orders:**

The parties do not anticipate seeking any discovery-related orders.

**5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.) on all items set forth in LCR 26(f)(1), which includes the following topics:**

**a. Prompt case resolution:**

The parties expect this case can be resolved on cross motions for summary judgment that they will file by February 1, 2022.

**b. Alternative dispute resolution ("ADR"):**

This case does not lend itself to ADR because the issues are legal in nature, and the parties agree that there is no compromise available.

**c. Related cases:**

There are no pending related cases.

**d. Discovery management:**

The parties do not believe there is a need for discovery.

**e. Anticipated discovery sought:**

Neither party anticipates seeking discovery at this time.

**f. Phasing motions:**

The parties agree to file cross motions for summary judgment, which they expect will be dispositive of all causes of action, before engaging in other motions practice as needed.

The parties have agreed to the following briefing schedule:

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

      i. **Motions for Summary Judgment:** February 1, 2022.

      ii. **Responses to Summary Judgment Motions:** February 22, 2022.

      iii. **Replies:** March 8, 2022.

      iv. **Oral Argument:** Petitioner requests oral argument and Respondent does not oppose this request.

  g. **Preservation of discoverable information:**

The parties do not anticipate issues regarding the preservation of discoverable information.

  h. **Privilege issues:**

The parties do not anticipate privilege issues.

  i. **Model Protocol for Discovery of ESI:**

The parties do not anticipate seeking discovery of ESI.

  j. **Alternatives to Model Protocol:**

None proposed.

**6. The date by which discovery can be completed.**

The parties do not anticipate pursuing any discovery unless this action proceeds beyond the cross motions for summary judgment. If that occurs, the parties agree to meet in good faith and agree upon a discovery plan.

**7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties agree bifurcation is not appropriate in this case.

**8. Whether the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties do not believe that pretrial statements and orders may be helpful in this case.

**9. Any other suggestions for shortening or simplifying the case.**

None.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

**10. The date the case will be ready for trial.**

The parties believe this case will be resolved through summary judgment. If a trial becomes necessary, the parties agree to amend their Joint Status Report.

**11. Whether the trial will be jury or non-jury.**

If a trial becomes necessary, the parties expect a bench trial.

**12. The number of trial days required.**

The parties believe that this case will be resolved through summary judgment. If a trial becomes necessary, the parties agree to amend their Joint Status Report.

**13. The names, addresses, and telephone numbers of all trial counsel.**

*Attorneys for Petitioner*:

Daniel J. Oates
Andrew Garcia Murphy
Miller Nash LLP
Pier 70—2801 Alaskan Way, Ste. 300
Seattle, WA 98121
Telephone: 206-624-8300
dan.oates@millernash.com
andy.murphy@millernash.com


*Attorneys for Respondent*:

Penny Allen
Ellen Range
Attorney General's Office
1125 Washington Street SE, PO Box 40110
Olympia, WA 98504-0110
Phone: 360-586-1520; 360-586-0092
Pennyl.Allen@atg.wa.gov
Ellen.Range@atg.wa.gov

**14. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

The parties believe that this case will be resolved through summary judgment. If a trial becomes necessary, the parties agree to amend their Joint Status Report.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

**15. Service of process.**

Petitioner believes that all respondents have been served. Respondent agrees that it has been properly served with this lawsuit.

**16. Rule 16 conference**.

The parties do not request a pretrial Rule 16 conference. If the Court wishes to schedule a Rule 16 conference, the parties request that it be conducted telephonically.

**17. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1.**

No corporate disclosure statement is required.

| | |
|---|---|
| **Stipulated and Agreed to this 3rd day of January, 2022, by:** | **Stipulated and Agreed to this 3rd day of January, 2022, by:** |
| MILLER NASH LLP | ROBERT W. FERGUSON<br>Attorney General |
| s/ *Andy Murphy*<br>Daniel J. Oates, WSBA No. 39334<br>Andy Murphy, WSBA No. 46664<br>MILLER NASH LLP<br>Pier 70 ~ 2801 Alaskan Way, Suite 300<br>Seattle, WA 98121<br>Tel: 206-624-8300<br>Fax: 206-340-9599<br>Email: Dan.Oates@millernash.com<br>        Andy.Murphy@millernash.com | s/ *Penny Allen*<br>Penny Allen, WSBA No. 18821<br>Ellen Range, WSBA No. 51334<br>Assistant Attorneys General<br>1125 Washington Street SE, PO Box 40110<br>Olympia, WA 98504-0110<br>Phone: (360) 753-2702<br>E-mail:   Pennyl.Allen@atg.wa.gov<br>          Ellen.Range@atg.wa.gov |
| *Attorneys for Petitioner* | *Attorneys for Respondent* |

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
USDC No. 3:20-cv-05661-BHS

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

**DECLARATION OF SERVICE**

I, Brie Geffre, hereby declare under penalty of perjury under the laws of the United States and of the state of Washington, that on this 3rd day of January, 2022, I caused the foregoing to be filed using the CM/ECF system which will send notice of the same to all registered parties

SIGNED at Seattle, Washington this 3rd day of January, 2022.

*s/Brie Geffre*
Brie Geffre, Legal Assistant

DECLARATION OF SERVICE - 7
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599