Todd Brinkmeyer v. Washington State Liquor and Cannabis Board – No. 3:20-cv-05661-BHS

Exhibit 1 to Declaration of Rebecca Smith in Support of Respondent's Motion for Summary Judgment



**U.S. Department of Justice**

Office of the Deputy Attorney General

The Deputy Attorney General		Washington, D.C. 20530

August 29, 2013

MEMORANDUM FOR ALL UNITED STATES ATTORNEYS

FROM:   James M. Cole
        Deputy Attorney General

SUBJECT:   Guidance Regarding Marijuana Enforcement

    In October 2009 and June 2011, the Department issued guidance to federal prosecutors concerning marijuana enforcement under the Controlled Substances Act (CSA). This memorandum updates that guidance in light of state ballot initiatives that legalize under state law the possession of small amounts of marijuana and provide for the regulation of marijuana production, processing, and sale. The guidance set forth herein applies to all federal enforcement activity, including civil enforcement and criminal investigations and prosecutions, concerning marijuana in all states.

    As the Department noted in its previous guidance, Congress has determined that marijuana is a dangerous drug and that the illegal distribution and sale of marijuana is a serious crime that provides a significant source of revenue to large-scale criminal enterprises, gangs, and cartels. The Department of Justice is committed to enforcement of the CSA consistent with those determinations. The Department is also committed to using its limited investigative and prosecutorial resources to address the most significant threats in the most effective, consistent, and rational way. In furtherance of those objectives, as several states enacted laws relating to the use of marijuana for medical purposes, the Department in recent years has focused its efforts on certain enforcement priorities that are particularly important to the federal government:

- Preventing the distribution of marijuana to minors;
- Preventing revenue from the sale of marijuana from going to criminal enterprises, gangs, and cartels;
- Preventing the diversion of marijuana from states where it is legal under state law in some form to other states;
- Preventing state-authorized marijuana activity from being used as a cover or pretext for the trafficking of other illegal drugs or other illegal activity;

Exhibit 1
Page 1 of 4

Memorandum for All United States Attorneys                                          Page 2
Subject: Guidance Regarding Marijuana Enforcement

- Preventing violence and the use of firearms in the cultivation and distribution of marijuana;
- Preventing drugged driving and the exacerbation of other adverse public health consequences associated with marijuana use;
- Preventing the growing of marijuana on public lands and the attendant public safety and environmental dangers posed by marijuana production on public lands; and
- Preventing marijuana possession or use on federal property.

These priorities will continue to guide the Department's enforcement of the CSA against marijuana-related conduct. Thus, this memorandum serves as guidance to Department attorneys and law enforcement to focus their enforcement resources and efforts, including prosecution, on persons or organizations whose conduct interferes with any one or more of these priorities, regardless of state law.[1]

Outside of these enforcement priorities, the federal government has traditionally relied on states and local law enforcement agencies to address marijuana activity through enforcement of their own narcotics laws. For example, the Department of Justice has not historically devoted resources to prosecuting individuals whose conduct is limited to possession of small amounts of marijuana for personal use on private property. Instead, the Department has left such lower-level or localized activity to state and local authorities and has stepped in to enforce the CSA only when the use, possession, cultivation, or distribution of marijuana has threatened to cause one of the harms identified above.

The enactment of state laws that endeavor to authorize marijuana production, distribution, and possession by establishing a regulatory scheme for these purposes affects this traditional joint federal-state approach to narcotics enforcement. The Department's guidance in this memorandum rests on its expectation that states and local governments that have enacted laws authorizing marijuana-related conduct will implement strong and effective regulatory and enforcement systems that will address the threat those state laws could pose to public safety, public health, and other law enforcement interests. A system adequate to that task must not only contain robust controls and procedures on paper; it must also be effective in practice. Jurisdictions that have implemented systems that provide for regulation of marijuana activity

---

[1] These enforcement priorities are listed in general terms; each encompasses a variety of conduct that may merit civil or criminal enforcement of the CSA. By way of example only, the Department's interest in preventing the distribution of marijuana to minors would call for enforcement not just when an individual or entity sells or transfers marijuana to a minor, but also when marijuana trafficking takes place near an area associated with minors; when marijuana or marijuana-infused products are marketed in a manner to appeal to minors; or when marijuana is being diverted, directly or indirectly, and purposefully or otherwise, to minors.

Exhibit 1
Page 2 of 4

Memorandum for All United States Attorneys                                               Page 3
Subject: Guidance Regarding Marijuana Enforcement

must provide the necessary resources and demonstrate the willingness to enforce their laws and regulations in a manner that ensures they do not undermine federal enforcement priorities.

In jurisdictions that have enacted laws legalizing marijuana in some form and that have also implemented strong and effective regulatory and enforcement systems to control the cultivation, distribution, sale, and possession of marijuana, conduct in compliance with those laws and regulations is less likely to threaten the federal priorities set forth above. Indeed, a robust system may affirmatively address those priorities by, for example, implementing effective measures to prevent diversion of marijuana outside of the regulated system and to other states, prohibiting access to marijuana by minors, and replacing an illicit marijuana trade that funds criminal enterprises with a tightly regulated market in which revenues are tracked and accounted for. In those circumstances, consistent with the traditional allocation of federal-state efforts in this area, enforcement of state law by state and local law enforcement and regulatory bodies should remain the primary means of addressing marijuana-related activity. If state enforcement efforts are not sufficiently robust to protect against the harms set forth above, the federal government may seek to challenge the regulatory structure itself in addition to continuing to bring individual enforcement actions, including criminal prosecutions, focused on those harms.

The Department's previous memoranda specifically addressed the exercise of prosecutorial discretion in states with laws authorizing marijuana cultivation and distribution for medical use. In those contexts, the Department advised that it likely was not an efficient use of federal resources to focus enforcement efforts on seriously ill individuals, or on their individual caregivers. In doing so, the previous guidance drew a distinction between the seriously ill and their caregivers, on the one hand, and large-scale, for-profit commercial enterprises, on the other, and advised that the latter continued to be appropriate targets for federal enforcement and prosecution. In drawing this distinction, the Department relied on the common-sense judgment that the size of a marijuana operation was a reasonable proxy for assessing whether marijuana trafficking implicates the federal enforcement priorities set forth above.

As explained above, however, both the existence of a strong and effective state regulatory system, and an operation's compliance with such a system, may allay the threat that an operation's size poses to federal enforcement interests. Accordingly, in exercising prosecutorial discretion, prosecutors should not consider the size or commercial nature of a marijuana operation alone as a proxy for assessing whether marijuana trafficking implicates the Department's enforcement priorities listed above. Rather, prosecutors should continue to review marijuana cases on a case-by-case basis and weigh all available information and evidence, including, but not limited to, whether the operation is demonstrably in compliance with a strong and effective state regulatory system. A marijuana operation's large scale or for-profit nature may be a relevant consideration for assessing the extent to which it undermines a particular federal enforcement priority. The primary question in all cases – and in all jurisdictions – should be whether the conduct at issue implicates one or more of the enforcement priorities listed above.

Exhibit 1
Page 3 of 4

Memorandum for All United States Attorneys　　　　　　　　　　　　　　　　Page 4
Subject: Guidance Regarding Marijuana Enforcement

　　　　As with the Department's previous statements on this subject, this memorandum is intended solely as a guide to the exercise of investigative and prosecutorial discretion. This memorandum does not alter in any way the Department's authority to enforce federal law, including federal laws relating to marijuana, regardless of state law. Neither the guidance herein nor any state or local law provides a legal defense to a violation of federal law, including any civil or criminal violation of the CSA. Even in jurisdictions with strong and effective regulatory systems, evidence that particular conduct threatens federal priorities will subject that person or entity to federal enforcement action, based on the circumstances. This memorandum is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. It applies prospectively to the exercise of prosecutorial discretion in future cases and does not provide defendants or subjects of enforcement action with a basis for reconsideration of any pending civil action or criminal prosecution. Finally, nothing herein precludes investigation or prosecution, even in the absence of any one of the factors listed above, in particular circumstances where investigation and prosecution otherwise serves an important federal interest.

cc:　　Mythili Raman
　　　　Acting Assistant Attorney General, Criminal Division

　　　　Loretta E. Lynch
　　　　United States Attorney
　　　　Eastern District of New York
　　　　Chair, Attorney General's Advisory Committee

　　　　Michele M. Leonhart
　　　　Administrator
　　　　Drug Enforcement Administration

　　　　H. Marshall Jarrett
　　　　Director
　　　　Executive Office for United States Attorneys

　　　　Ronald T. Hosko
　　　　Assistant Director
　　　　Criminal Investigative Division
　　　　Federal Bureau of Investigation

Exhibit 1
Page 4 of 4