The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD BRINKMEYER,<br><br>Petitioner,<br><br>v.<br><br>WASHINGTON STATE LIQUOR AND CANNABIS BOARD,<br><br>Respondent. | NO: 3:20-cv-05661-BHS<br><br>DECLARATION OF CAPTAIN BOLENDER IN SUPPORT OF THE BOARD'S MOTION FOR SUMMARY JUDGMENT |

I, JOSHUA BOLENDER, make the following Declaration of my own personal knowledge under penalty of perjury under the laws of the United States and the state of Washington that the foregoing is true and correct. I am over the age of 18 and competent to testify to the matters stated here:

1. I am a Captain employed with the Washington State Liquor and Cannabis Board (Board), Enforcement and Education Division (Enforcement). I have worked for Enforcement for over 13 years, and I have worked in the marijuana unit since its inception. I am familiar with marijuana statutes and rules, and the underlying policies that support those laws. I am also familiar with the Board's efforts in preventing diversion, protecting public health and safety, and how Residency Requirements[1] are necessary in support of those efforts.

---

[1] For the purpose of the Board's Motion for Summary Judgment, this term has been defined to include Wash. Rev. Code § 69.50.331(1)(b) (2020) and Wash. Admin. Code §§ 314-55-020(11) (2021), -035(1) (2020).

DECLARATION OF CAPTAIN BOLENDER IN SUPPORT OF THE BOARD'S MOTION FOR SUMMARY JUDGMENT NO: 3:20-cv-05661-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

2.       Diverted marijuana, or marijuana sold outside approved regulatory channels, is a threat to public health and safety. *See* Wash. Admin Code § 314-55-083(4) (2018). This is in part due to the fact that diverted marijuana is much more likely to end up in the hands of underage youths. Diverted product is also more apt to contain impurities, such as pesticides, that can harm public health. Also, the inherently illegal nature of diverted product attracts organized crime and the attendant criminal activity associated with organized crime. Recently, Washington has seen an uptick in organized crime trafficking individuals to grow marijuana and sell diverted product in states where it is illegal. For example, in 2019, Kitsap County prosecutors charged a Chinese national with counts of leading organized crime and human trafficking, after seizing thousands of illegal marijuana plants, equipment and cash from houses in Port Orchard and Tacoma.[2] As declared by Rebecca Smith, Residency Requirements assist in preventing organized crime from getting a foothold in Washington, by ensuring that applicants can be thoroughly vetted. Smith Decl. ¶ 10.

3.       Residency Requirements enable Board Enforcement Officers to conduct thorough investigations, file administrative citations, and execute arrests in criminal matters. Having out-of-state licensees will impact the Board's ability to conduct investigations because Board Enforcement Officers cannot cross state lines to investigate or enforce Washington marijuana laws. For example, an out-of-state licensee may refuse to assist with the investigation entirely and simply refuse to return to Washington, stymieing the investigation. If an Enforcement Officer needed to serve a request for business documents or to subpoena other records, the licensee could simply refuse to come to Washington to accept the request or subpoena. An out-of-state licensee might only be willing to discuss the investigation over the phone, preventing a Board Enforcement Officer from being able to read their body language. Also, Board Enforcement Officers may need access to business documents or to a licensee's

---

[2] *See* "Man charged with organized crime in illegal Kitsap pot operation," available at: https://www.kitsapsun.com/story/news/local/2019/09/29/man-charged-organized-crime-leading-illegal-pot-operation/3791823002/

DECLARATION OF CAPTAIN
BOLENDER IN SUPPORT OF THE
BOARD'S MOTION FOR SUMMARY
JUDGMENT NO: 3:20-cv-05661-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

surveillance recording that may be in the sole possession of the licensee. By rule, surveillance recordings must be secured in a manner to prevent employee tampering. Wash. Admin. Code § 314-55-083(3) (2018). Often times, to comply with this rule, a licensee will be the sole person with access. This would delay the Board's access until such time an out-of-state licensee came to Washington to grant Officers access. And, in circumstances where a marijuana retailer routinely sold marijuana to minors or diverted marijuana outside the regulated market, it is more than a regulatory issue, it would also be criminal one. Having an out-of-state licensee would make it that much harder to conduct a criminal investigation and, if necessary, execute an arrest.

4. As the Residency Requirements prevent diversion, they also prevent federal interference in our market. The federal Controlled Substances Act (CSA) makes any marijuana possession, transfer, or delivery a federal crime. After I-502 passed, the federal government issued the *Cole* memorandum, which signaled to any state that chose to legalize marijuana, including Washington, that if certain enforcement priorities were met, the federal government would be unlikely to investigate or prosecute those within the regulated marijuana market. Those priorities included preventing sales to minors, preventing marijuana from becoming associated with criminal affiliates, and preventing diversion of marijuana to other states. The *Cole* memo also generally expected that states enacting "laws authorizing marijuana-related conduct" to "implement strong and effective regulatory and enforcement systems that will address the threat those state laws could pose to public safety, public health and other law enforcement interests." It further warned, "If state enforcement efforts are not sufficiently robust to protect against the harms . . . the federal government may seek to challenge the regulatory structure itself."

5. Relatedly, states that fail to maintain their marijuana commerce and ownership within their borders may invite federal scrutiny for licensees. For example, marijuana retail licensees typically engage in monetary transactions involving the proceeds of their marijuana-related businesses. Under federal law, this is considered money laundering, subject to fines and

DECLARATION OF CAPTAIN
BOLENDER IN SUPPORT OF THE
BOARD'S MOTION FOR SUMMARY
JUDGMENT NO: 3:20-cv-05661-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

imprisonment. 18 U.S.C. §§ 1956 (2016), 1957 (2012). Also under federal law, it is a federal crime to use a telephone to buy or sell marijuana. 21 U.S.C. § 843(b) (2009). Guidance provided by the federal government keeps potential prosecutions at bay, as long as states manage to effectively regulate and control the marijuana industry.

6. Lastly, Residency Requirements protect out-of-state licensees from possible prosecution in their home state where possession of marijuana may be illegal. It would be easy for an Idaho resident, who was a Washington licensee, to bring marijuana home to Idaho, in violation of Idaho state law. Idaho Code Ann. §§ 37-2732(c)(3), (e) (2021). It is common for retail licensees to sample products so that they can determine whether to carry a product in their store. As a licensee cannot try samples on the licensed premises or in public places in Washington, they may need to bring it home to try it. *See* Wash. Rev. Code § 69.50.445 (2015) (prohibiting public consumption), Wash. Admin. Code § 314-55-096 (2018) (allowing samples), and Wash. Admin. Code § 314-55-015(12) (2018) (prohibiting the consumption of marijuana on a licensed premises). Residency Requirements, therefore, not only protect the integrity of our state's legal marijuana system, they better respect other states that have chosen not to legalize marijuana, and protects those citizens from criminal prosecution.

Pursuant to 18 U.S.C. § 1746 (1976), I declare under penalty of perjury that the foregoing is true and correct.

Signed this 31st day of January 2022, at Olympia, Washington.

JOSHUA BOLENDER
Captain, Enforcement and Education Division
Washington State Liquor and Cannabis Board

DECLARATION OF CAPTAIN
BOLENDER IN SUPPORT OF THE
BOARD'S MOTION FOR SUMMARY
JUDGMENT NO: 3:20-cv-05661-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006