THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD BRINKMEYER,

    Petitioner,

v.

WASHINGTON STATE LIQUOR AND CANNABIS BOARD,

    Respondent.

Case No. 3:20-cv-05661-BHS

**ORDER GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

[PROPOSED]

THIS MATTER came before the Court on the Petitioner's Motion for Summary Judgment (the "Petitioner's Motion") and the Respondent's Motion for Summary Judgment (the "Respondent's Motion"). The Court has reviewed the records and filings herein, including the following documents submitted by the parties:

    1.    The Petitioner's Motion;

    2.    The Declaration of Todd Brinkmeyer in Support of Petitioner's Motion for Summary Judgment;

    3.    The Declaration of Scott Atkison in Support of Petitioner's Motion for Summary Judgment;

    4.    The Declaration of Chris Masse in Support of Petitioner's Motion for Summary Judgment and the exhibit attached thereto;

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1
USDC No. 3:20-cv-05661-BHS

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

5. The Declaration of Andy Murphy in Support of Petitioner's Motion for Summary Judgment and the exhibits attached thereto;

6. The Respondent's Response to the Petitioner's Motion;

7. The Petitioner's Reply in Support of the Petitioner's Motion;

8. The Respondent's Motion;

9. The Declaration of Rebecca Smith in Support of the Respondent's Motion;

10. The Petitioner's Response to the Respondent's Motion; and

11. The Respondent's Reply in Support of the Respondent's Motion

Having considered the pleadings of record, the arguments of counsel, and being fully advised on the matter, the Court hereby FINDS that:

1. The "Residency Requirements" in RCW 69.50.331(1)(b)(ii)-(iv)[1], WAC 314-55-020(11)[2], and WAC 314-55-035(1) expressly discriminate against nonresidents of Washington, which includes Brinkmeyer as an Idaho resident, by imposing a durational residency requirement as a condition of becoming or continuing as a licensee or true party of interest ("TPI") to a licensed marijuana business. Therefore, Brinkmeyer has carried his burden of proving the Residency Requirements are facially invalid because there is no set of circumstances where the laws as currently written can be constitutionally applied.

2. Atkison wants to transfer his ownership interest and oversight responsibilities in the Stores to Brinkmeyer, which requires approval from Respondent the Washington State Liquor and Cannabis Board (the "LCB" or "State"). The LCB confirmed it will not approve Brinkmeyer's application to become a license-holder because he is not a resident of Washington. Brinkmeyer is willing and able to assume Atkison's equity interest, in part so he can honor his

---

[1] Petitioner does not challenge the constitutionality of RCW 69.50.331(1)(b)(i), which limits license ownership to persons older than 21.

[2] The Petition originally referenced WAC 314-55-020(10), but the Washington State Liquor and Cannabis Board has since amended the regulation. The challenged regulation now appears at WAC 314-55-020(11).

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 2
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

friend by continuing the business and also to give Atkison and the other owners of the Stores peace of mind that the Stores will be well-capitalized and in strong, experienced hands, which Brinkmeyer can provide. The only Washington marijuana businesses Brinkmeyer is interested in obtaining an interest in are Atkison's Stores. The Stores are unique to Brinkmeyer.

3. The Residency Requirements are not needed for Respondent the Washington State Liquor and Cannabis Board (the "LCB" or "State") to maintain oversight over licensed marijuana businesses and their owners. The State can thoroughly vet licensee applicants without requiring residency, the State can adequately monitor business operations because the marijuana businesses licensed by the State are located in Washington, and the State's ability to revoke licenses provides strong incentives to comply with state law.

4. The Residency Requirements violate the dormant Commerce Clause by expressly discriminating against nonresidents and limiting commercial opportunities to long-term Washington residents. The State can accomplish any and all legitimate local interests with nondiscriminatory alternatives through either its existing enforcement authority and enforcement scheme or by implementing other nondiscriminatory alternatives.

5. The federal illegality of cannabis under the Controlled Substances Act ("CSA") does not allow the State to enact laws that give preference to in-state economic interests. Although the CSA criminalizes marijuana, it does not affirmatively grant states the power to burden interstate commerce in a manner which would otherwise not be permissible.

6. The Residency Requirements violate Brinkmeyer's right to pursue a livelihood and right to travel, which are fundamental rights protected by the Privileges and Immunities Clause in Article IV of the United States Constitution. The State has not presented a substantial reason that justifies the discrimination against nonresidents in the Residency Requirements. The interests the State has identified to purportedly justify the Residency Requirements are not substantially related to a legitimate state objective because either the State's existing enforcement

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 3
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

1  authority and enforcement scheme or the State's other possible nondiscriminatory alternatives provide less restrictive means to accomplish legitimate state objectives.

7. The Residency Requirements violate Brinkmeyer's rights under the Fourteenth Amendment's Equal Protection and Privileges or Immunities Clauses, both of which protect the fundamental right to travel. The Residency Requirements are therefore subject to and fail strict scrutiny review. The State has not identified a compelling government interest served by the Residency Requirements. Further, the Residency Requirements are not narrowly tailored to serve a government interest because the State's oversight powers provide less restrictive means to accomplish government interests.

8. The Residency Requirements violate Brinkmeyer's Fourteenth Amendment due process right to pursue a profession, which is subject to rational basis review. The Residency Requirements are not rationally related to a legitimate government interest because the Residency Requirements are unnecessary for the State to evaluate whether applicants meet requisite criteria to receive a license or become a TPI.

Now, therefore, the Court hereby ORDERS that:

   1.  The Petitioner's Motion is GRANTED;

   2.  The Respondent's Motion is DENIED; and

   3.  The State, as well as its officers, agents, servants, employees, attorneys, and such persons in active concert or participation therewith having notice of this Order, are hereby restrained and enjoined from enforcing, applying, or relying upon the Residency Requirements in any way or for any purpose.

ORDERED this _____ day of _____, 2022.

_____
HONORABLE BENJAMIN H. SETTLE
UNITED STATES DISTRICT COURT JUDGE

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 4
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

1 | Presented by:

2 | MILLER NASH GRAHAM & DUNN LLP

3

4 | *s/Andy Murphy*
Andy Murphy, WSBA No. 46664

5 | *s/Daniel J. Oates*
Daniel J. Oates, WSBA No. 39334

6 | Pier 70 - 2801 Alaskan Way, Suite 300
Seattle, WA 98121

7 | Tel: 206.624.8300
Fax: 206.340.9599

8 | Email: *Andy.Murphy@millernash.com*

9 | *Dan.Oates@millernash.com*
*Attorneys for Petitioner*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 5
USDC No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599