THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD BRINKMEYER

    Petitioner,

v.

WASHINGTON STATE LIQUOR AND CANNABIS BOARD,

    Respondent.

Case No. 3:20-cv-05661-BHS

**DECLARATION OF TODD BRINKMEYER IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

I, Todd Brinkmeyer, hereby declare and state as follows:

1. I am the petitioner in this action, over the age of eighteen, have personal knowledge of the matters contained in the Declaration, and am competent to testify thereto.

2. I have been close friends with Scott Atkison for 25 years. Scott currently lives 30 minutes from me. He resides in Washington, and I reside in Idaho with my spouse.

3. The Washington State Liquor and Cannabis Board (the "LCB") has approved me as a financier for marijuana retail stores (the "Stores") for which Scott is a licensee and part owner. As part of the financier approval process, the LCB conducted criminal and financial background checks on me and my spouse.

DECLARATION OF TODD BRINKMEYER IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT - 1
Case No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

4. I have provided business advice to Scott and, as an approved financier, have made loans to the Stores.

5. From my experience as a business owner and executive in other industries, I recognize that the inability to compensate advisors and employees with equity interferes with the Stores' ability to attract and retain the best talent.

6. Scott and I have discussed how he would like to transfer his ownership interest in the Stores to me. If the State is prevented from enforcing the Residency Requirements (as defined in the attached Motion for Summary Judgment), and if the LCB approves my application related to the transaction, then Scott will immediately sell a portion of his interest in the Stores to me. Scott would transfer half of his stock in No. 259, Inc. to me, which would give me a membership interest in Insangu, LLC. Additionally, in the event of Scotts passing, he would transfer additional interest in the Stores to me. I am willing and able to assume his ownership interest in the Stores, and I will do so if the LCB will allow it. The Stores are unique to me, and they are the only marijuana businesses in Washington in which I am interested in obtaining an ownership interest. I want to assume Scott's ownership interest in the Stores in part so I can honor him by continuing the businesses and also to give him and the other owners peace of mind that the Stores will be well-capitalized and in strong, experienced hands, which I can provide.

7. I directed my attorney, Chris Masse, to contact the LCB and inquire whether it would approve the transfer of ownership to me. The LCB confirmed it would not approve my ownership because, as a resident of Idaho, I do not meet the Residency Requirements.

8. The only thing stopping Scott and me from moving forward with the transactions described in this declaration is that the LCB has confirmed it will rely on the Residency Requirements to deny my application to hold equity in the Stores.

9. I was attracted to Washington State's cannabis industry because of how it operated under a legal system, and how the State committed to stop treating adult-use licensed marijuana like a criminal enterprise. I relied on the State's commitment to treat its marijuana industry as a legal one

DECLARATION OF TODD BRINKMEYER IN SUPPORT
OF PETITIONER'S MOTION FOR SUMMARY
JUDGMENT - 2
Case No. 3:20-cv-05661-BHS

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

before I got involved with the industry. It was important to me that the industry be legal before I participate in it, and the industry is legal under Washington State law. I would not have become a financier for Washington marijuana businesses or sought to obtain an equity interest in the Stores had I known the LCB would treat that licensed business conduct as criminal. I have no interest in supporting or engaging in criminal activity. That includes my commitment to comply with the laws of my home state, which I have done and will continue to do.

*Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.*

EXECUTED in Post Falls, ID on this 1st day of February, 2022.

Todd Brinkmeyer

DECLARATION OF TODD BRINKMEYER IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT - 3
Case No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

# **DECLARATION OF SERVICE**

I, Jennifer L. Schnarr, hereby declare under penalty of perjury under the laws of the United States and the state of Washington that on this 1st day of February, 2022, a copy of the foregoing document was served upon the attorneys of record in the above cause as follows:

| | |
|---|---|
| Penny Allen, WSBA No. 18821<br>Ellen Range, WSBA No. 51334<br>Assistant Attorney General<br>1125 Washington Street SE<br>PO Box 40110<br>Olympia, WA  98504-0110<br>Tel: 360.753.2702<br>Email: PennyL.Allen@atg.wa.gov<br>　　　　Ellen.Range@atg.wa.gov | ☐　via Hand Delivery<br>☐　via U.S. Mail<br>☐　via Facsimile<br>☒　via E-Service<br>☒　via Email |

*Attorneys for Respondent*

Executed at Burien, Washington, this 1st day of February, 2022.

　　　　　　　　　　　　　　　　　　*s/Jennifer L. Schnarr*
　　　　　　　　　　　　　　　　　　Jennifer L. Schnarr, Legal Assistant

---

DECLARATION OF SERVICE - 4
Case No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599