THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD BRINKMEYER,

    Petitioner,

v.

WASHINGTON STATE LIQUOR AND CANNABIS BOARD,

    Respondent.

Case No. 3:20-cv-05661-BHS

**DECLARATION OF CHRIS MASSE IN SUPPORT OF BRINKMEYER'S MOTION FOR SUMMARY JUDGMENT**

I, Chris Masse, hereby declare and state as follows:

1. I am one of the attorneys representing the petitioner in this action. I am over the age of eighteen, have personal knowledge of the matters contained in the Declaration, and am competent to testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of an email exchange I had with the Washington State Liquor and Cannabis Board on May 20, 2020. The ownership change discussed in those emails refers to Scott Atkison transferring his ownership interest in licensed marijuana retail stores to Todd Brinkmeyer.

//

//

DECLARATION OF CHRIS MASSE IN SUPPORT- 1
Case No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

1  *Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is*
2  *true and correct to the best of my knowledge.*
3      EXECUTED in Seattle, WA on this 1st day of February, 2022.

                         *s/ Chris Masse*
                         Chris Masse

DECLARATION OF CHRIS MASSE IN SUPPORT- 2
Case No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

**DECLARATION OF SERVICE**

I, Jennifer L. Schnarr, hereby declare under penalty of perjury under the laws of the United States and the state of Washington that on this 1st day of February, 2022, a copy of the foregoing document was served upon the attorneys of record in the above cause as follows:

| | |
|---|---|
| Penny Allen, WSBA No. 18821<br>Ellen Range, WSBA No. 51334<br>Assistant Attorney General<br>1125 Washington Street SE<br>PO Box 40110<br>Olympia, WA  98504-0110<br>Tel: 360.753.2702<br>Email: PennyL.Allen@atg.wa.gov<br>        Ellen.Range@atg.wa.gov | ☐  via Hand Delivery<br>☐  via U.S. Mail<br>☐  via Facsimile<br>☒  via E-Service<br>☒  via Email |

*Attorneys for Respondent*

Executed at Burien, Washington, this 1st day of February, 2022.

*s/Jennifer L. Schnarr*
Jennifer L. Schnarr, Legal Assistant

DECLARATION OF SERVICE - 3
Case No. 3:20-cv-05661-BHS

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

# Exhibit A

| | |
|---|---|
| **From:** | Reid, Nicola M (LCB) |
| **To:** | Masse, Christine |
| **Cc:** | Smith, Rebecca (LCB); Milovac, Kevin (LCB) |
| **Subject:** | RE: Question re residency |
| **Date:** | Wednesday, May 20, 2020 3:40:58 PM |

Good afternoon, Chris.

Thank you for your concern below, I am doing much better. I am very sorry to hear that your client is terminally ill, my thoughts truly go out to them during this difficult time. When a licensee passes away or becomes incapacitated the business can be assigned to a trustee, receiver, guardian, etc. The individual and/or entity the business is assigned to must meet the requirements to hold the license. So while initially the business could not go to the individual that lives out of state it could in essence go to a qualified individual or receiver who then qualifies and operates the business until the subsequent potential owner moves to Washington and meets the residency requirements. I have included the rule for your reference. Please let me know if you have any further questions.

**314-55-140**
**Death or incapacity of a marijuana licensee.**

    (1) The appointed guardian, executor, administrator, trustee, or assignee must notify the WSLCB's licensing and regulation division in the event of the death, incapacity, bankruptcy, or assignment for benefit of creditors of any licensee.
    (2) The WSLCB may give the appointed guardian, executor, administrator, trustee, or assignee written approval to continue marijuana sales on the licensed business premises for the duration of the existing license and to renew the license when it expires.
        (a) The person must be a resident of the state of Washington.
        (b) A criminal background check may be required.
    (3) When the matter is resolved by the court, the true party(ies) of interest must apply for a marijuana license for the business.

Sincerely,
Nicola Reid

**From:** Masse, Christine [mailto:Christine.Masse@millernash.com]
**Sent:** Wednesday, May 20, 2020 11:20 AM
**To:** Reid, Nicola M (LCB)
**Cc:** Smith, Rebecca (LCB)
**Subject:** Question re residency

Nicola—

I hope you are doing well and feeling better.

I have a question for you. I have a client that is terminally ill. This person owns cannabis licenses in

Washington and is preparing now to plan for the future of the licenses after their death. One of the people they would like to potentially take over some portion of the ownership of a license is not a Washington resident. I presume the LCB would not approve the transfer for not complying with the six month residency requirement, but would LCB approve the transfer to an out of state resident in this case?

Thanks,

-Chris


**Christine Masse, P.C.**
Partner, Tribal and Government & Regulatory Team Leader

**Miller Nash Graham & Dunn LLP**
Pier 70 | 2801 Alaskan Way - Suite 300 | Seattle, Washington 98121
*Office*: 206.624.8300 | *Fax*: 206.340.9599
**E-Mail** | **Bio** | **Social** | **Blogs**

*We are monitoring the legal and regulatory landscape in response to the COVID-19 crisis. To visit our resource page, please click this link.*

------------------------------------

**CONFIDENTIALITY NOTICE:** This e-mail message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the e-mail. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
------------------------------------