# Exhibit A

Hearing date: N/A
Hearing time: N/A
Judge/Calendar: John C. Skinder

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF THURSTON**

| | |
|---|---|
| TODD BRINKMEYER,<br><br>               Petitioner,<br><br>v.<br><br>WASHINGTON STATE LIQUOR CONTROL BOARD,<br><br>               Respondent. | NO. 20-2-01568-34<br><br>ANSWER TO PETITION FOR DECLARATORY JUDGMENT |

The Respondent, WASHINGTON STATE LIQUOR AND CANNABIS BOARD, by and through its attorneys, ROBERT W. FERGUSON, Attorney General, and JOSHUA ORF-RODRIGUEZ and HAYLEE P. MILLS, Assistant Attorneys General answers the COMPLAINT as follows:

**I.   PARTIES AND JURISDICTION**

1. Respondent admits that Todd Brinkmeyer is an Idaho resident and a financier. Respondent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and therefore, denies the same.

2. Respondent admits.

3. Paragraph 3 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

4. Paragraph 4 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

5. Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

## II.    ANSWER TO FACTS

**A.    Respondent admits that I-502 was passed by Washington State voters in 2012**

6. Respondent admits that the stated intent of I-502 is "to stop treating adult marijuana use as a crime and try a new approach that: (1) Allows law enforcement resources to be focused on violent and property crimes; (2) Generates new state and local tax revenue for education, health care, research, and substance abuse prevention; and (3) Takes marijuana out of the hands of illegal drug organizations and brings it under a tightly regulated, state-licensed system similar to that for controlling hard alcohol." Respondent denies the remainder of the allegations in paragraph 6.

7. Respondent admits that the sale of marijuana has generated more than $1.7 billion in excise taxes and fees for Washington State since 2014. Respondent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7, and on that basis denies the same.

**B.    Washington Law Imposes A Durational Residency Requirement On All Licensees And True Parties Of Interest To Marijuana Licenses**

8. The Respondent admits that it has been charged by Washington voters and the Washington State legislature with the regulation of the legal marijuana industry in Washington. The Respondent also admits that Chptr 69.50 RCW and Chptr. 314-55 WAC provide the criteria for individuals and businesses to qualify for a marijuana license. Respondent denies the remaining factual allegations contained in Paragraph 8.

9. The Respondent admits that the LCB requires owners of marijuana businesses to meet certain qualifications and criteria in order for the business to legally hold a cannabis license,

ANSWER TO PETITION FOR DECLARATORY JUDGMENT

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

and that this process usually begins with an application being submitted to LCB, after which the LCB investigates the applicant to ascertain whether it meets the qualifications and criteria to hold a marijuana license. Respondent denies the remaining factual allegations contained in Paragraph 9.

10. Respondent admits that Washington law imposes a residency requirement to obtain a marijuana license, and that the LCB verifies that marijuana license applicants have been a Washington State resident for at least six months. Respondent denies the remaining factual allegations contained in Paragraph 10.

11. Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent admits that the Petitioner has correctly quoted the statute with the exception that the statute does not contain any emphasis. Respondent denies the remaining factual allegations contained in Paragraph 11.

12. Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

13. Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent admits that it adopted WAC 314-55-020(10) and that the Petitioner has correctly quoted the statue with the exception that the rule does not contain any emphasis. Respondent denies the remaining factual allegations contained in Paragraph 13.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is required Respondent admits that it adopted WAC 314-55-035 and that WAC 314-55-35 provides "A marijuana license must be issued in the name(s) of the true party(ies) of interest" and that WAC 314-55-035(1) provides a table of true parties of interests and persons to be qualified. Respondent denies the remaining factual allegations contained in Paragraph 14.

15. Respondent admits that Washington law requires that true parties of interest have six months of Washington residency to obtain a marijuana license and that requirement is

ANSWER TO PETITION FOR
DECLARATORY JUDGMENT

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

considered a continuing qualification for true parties of interest. Respondent denies the remaining factual allegations contained in Paragraph 15.

16.     To the best of the Respondent's knowledge, these are not commonly used references, and therefore Respondent denies Paragraph 16.

**C.     Paragraph C Consists Of Legal Conclusions To Which No Response Is Required. To The Extent A Response Is Required, Respondent Denies The Same**

17.     Respondent admits that after I-502 passed in 2012, it took some time for LCB to implement the cannabis licensure process and to get access to the national criminal database. Respondent denies the remaining factual allegations contained in Paragraph 17.

18.     Respondent admits that residency requirements are important for several reasons, including, but not limited to, creating business opportunities and jobs for Washingtonians, improving public safety due to easier enforcement of relevant cannabis laws within the State, respecting the federal government's concerns regarding the federal illegality of cannabis, and respecting other states, such as Idaho, who chose not to legalize marijuana. Respondent denies the remaining factual allegations contained in Paragraph 18.

**D.     Paragraph D Consists Of Legal Conclusions To Which No Response Is Required. To The Extent A Response Is Required, Respondent Denies The Same**

19.     The Respondent admits that WAC 314-55-035(3) states that "**Financiers** - The WSLCB will conduct a financial investigation as well as a criminal background of financiers." Respondent also admits that financiers need not be a resident of Washington but must be a resident of the United States. Respondent further admits that financiers are not subject to the same requirements as licensees, as they are not considered a true party of interest or owner in the business holding the cannabis license. Instead, financiers are investors only. The business holding the license, or its true parties of interest, must maintain all the requirements to hold a cannabis license, including, but not limited to, having property rights to its associated location, a valid floor and operating plan, proof of its entity structure, as well as being able to pass other

inspections and conditions. The financier is not subject or responsible for these same conditions. Respondent denies the remaining factual allegations contained in Paragraph 19.

20. Respondent admits that Petitioner has previously been approved as a financier for a marijuana licensee, as both an individual and LLC, and that according to current law, spouses must also be vetted and approved for financiers. Respondent further admits that Petitioner was approved to finance $1,400.00 in 2019, $800,000.00 in 2018, and $400,000.00 in 2018. Respondent denies the remaining factual allegations contained in Paragraph 20.

21. Respondent admits that through its approval of ATC2 as a financier, the Respondent has approved Petitioner as a financier. Respondent denies the remaining factual allegations contained in Paragraph 21.

22. Respondent admits that true parties of interest can receive the profits of cannabis businesses or hold ownership interest in cannabis businesses. Financiers are limited to loans on a no interest or fixed interest basis. Respondent also admits that true parties of interest must be Washington residents. Respondent denies the remaining factual allegations contained in Paragraph 22.

23. Respondent is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis denies the same.

**E.    Paragraph E Consists Of Legal Conclusions To Which No Response Is Required. To The Extent A Response Is Required, Respondent Denies The Same**

24. Respondent is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24, and on that basis denies the same.

25. Respondent is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies the same.

26. Respondent admits that the Petitioner qualified to be a financier and the Petitioner does not currently qualify to be a true party of interest. Respondent is without sufficient

knowledge to form a belief as to the remaining allegations contained in Paragraph 26 and on that basis denies the same.

27. The allegations contained in paragraph 27 consist of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

**F.  Paragraph F Consists Of Legal Conclusions To Which No Response Is Required. To The Extent A Response Is Required, Respondent Denies The Same**

28. Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

29. Respondent is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and on that basis denies the same.

**III.  ANSWER TO FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE DORMANT COMMERCE CLAUSE**

30. Respondent incorporates by references its answers to paragraphs 1-29.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

33. Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

34. Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

**IV.  ANSWER TO SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE ARTICLE IV PRIVILEGES AND IMMUNITIES CLAUSE**

36. Respondent incorporates by reference its answers to paragraphs 1-35.

37. Paragraph 37 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

38. Paragraph 38 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

39. Paragraph 39 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

40. Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

41. Paragraph 41 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

**V.   ANSWER TO THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE 14TH AMENDMENT'S PRIVILEGES OR IMMUNITIES CLAUSE**

42. Respondent incorporates by reference its answers to paragraphs 1-41.

43. Paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

44. Paragraph 44 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

45. Paragraph 45 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

46. Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

47. Paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

**VI.   ANSWER TO FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE 14TH AMENDMENT DUE PROCESS CLAUSE**

48. Respondent incorporates by reference its answers to paragraphs 1-47.

49. Paragraph 49 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

50. Paragraph 50 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

51. Paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

### VII. ANSWER TO FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE 14TH AMENDMENT'S EQUAL PROTECTION CLAUSE

52. Respondent incorporates by reference its answers to paragraphs 1-51.

53. Paragraph 53 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

54. Paragraph 54 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

55. Paragraph 55 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

56. Paragraph 56 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

57. Paragraph 57 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

### VIII. ANSWER TO SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON THE PRIVILEGES OR IMMUNITIES CLAUSE OF THE WASHINGTON STATE CONSTITUTION

58. Respondent incorporates by reference its answers to paragraphs 1-57.

59. Paragraph 59 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

60. Paragraph 60 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

61. Paragraph 61 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

62. Paragraph 62 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

### IX.   ANSWER TO SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT BASED ON EXCEEDING STATUTORY AUTHORITY

63. Respondent incorporates by reference its answers to paragraphs 1-62.

64. Paragraph 64 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

65. Paragraph 65 consists of legal conclusions to which no response is required. To the extent a response is required, Respondent denies the same.

### X.   ANSWER TO PRAYER FOR RELIEF

1. Respondent denies that Petitioner is entitled to an order declaring that RCW 69.50.331(1)(b), WAC 314-55-020(10), and WAC 314-55-035 are unconstitutional and invalid.

2. Respondent denies that Petitioner is entitled to an order declaring that WAC 314-55-020(10) and WAC 314-55-035 are invalid because they exceed the statutory authority of the LCB.

3. Respondent denies that Petitioner is entitled to an order permanently enjoining the LCB from enforcing RCW 69.50.331(1)(b), WAC 314-55-020(10), and WAC 314-55-035.

4. Respondent denies that Petitioner is entitled to attorney's fees and costs.

5. Respondent denies that Petitioner is entitled to any other relief this Court deems fair and equitable.

### XI.   ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED

Respondent denies all allegations set forth in Petitioner's Complaint not expressly admitted above.

## XIII. DEFENSES AND AFFIRMATIVE DEFENSES

1. Petitioner fails to state a claim upon which relief may be granted.

2. Petitioner lacks standing.

3. The Petitioner's claims are not ripe for review.

4. Petitioner failed to exhaust their administrative remedies.

5. Petitioner has complete and adequate remedies at law, which they have failed to exercise or exhaust.

6. The Petitioner's claims for injunctive relief fail to meet the requirements for a court to issue an injunction.

7. Petitioner is not entitled to attorneys' fees under RCW 69.50, or any other legal basis.

## XIV. RESERVATION OF RIGHT TO AMEND

Respondent expressly reserves the right to amend this Answer to withdraw any of these affirmative defenses and to assert such other additional affirmative cross- and/or counter-claims and third-party claims as may be warranted after additional investigation and that may become known during the course of discovery, and to make such amendments either before or during trial, including asserting other defense theories or conforming the pleadings to the proof offered at the time of trial.

## XV. RELIEF REQUESTED

WHEEFORE, Respondent, having heretofore answered Petitioner's Petition, requests the following relief:

1. That Petitioner's requested relief be DENIED and Petitioner take nothing by way of this action;

2. That the Petition be dismissed with prejudice, or, in the alternative, that the Court enter judgment for Respondent;

1        3.      That the Board be awarded its costs and reasonable attorney fees as may be provided by statute or other law;

       4.      That the Court award such other relief as the Court deems just and equitable.

DATED this 29 day of June, 2020.

                     JOSHUA ORF-RODRIGUEZ, WSBA No. 50101
                     HAYLEE P. MILLS, WSBA No. 48074
                     Assistant Attorney General
                     Attorneys for Respondent
                     1125 Washington Street SE, PO Box 40110
                     Olympia, WA 98504-0110
                     Phone: (360) 753-2702
                     Email: Joshua.Orf-Rodriguez@atg.wa.gov
                                 Haylee.Mills@atg.wa.gov

ANSWER TO PETITION FOR
DECLARATORY JUDGMENT

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

**PROOF OF SERVICE**

I certify that I served a true and correct copy of this **Answer to Petition for Declaratory Judgment** on all parties or their counsel of record on the date below as follows:

| | |
|---|---|
| DANIEL J. OATS<br>ANDY MURPHY<br>MILLER NASH GRAHAM & DUNN LLP<br>PIER 70 ~ 2801 ALASKAN WAY STE 300<br>SEATTLE, WA 98121 | ☐ U.S. Mail via state Consolidated Mail Service (with proper postage affixed)<br>☐ Courtesy copy via facsimile<br>☒ Courtesy copy via electronic mail<br>Dan.oats@millernash.com<br>Andy.murphy@millernash.com<br>☐ ABC/Legal Messenger |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 29 day of June, 2020, at Olympia, Washington.

_____
HEATHER WULF,
Legal Assistant

ANSWER TO PETITION FOR
DECLARATORY JUDGMENT

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006