The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD BRINKMEYER,<br><br>                Petitioner,<br>vs.<br><br>WASHINGTON STATE LIQUOR AND CANNABIS BOARD,<br><br>                Respondent. | NO. 3:20-cv-05661-BHS<br><br>[PROPOSED] ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGEMENT<br><br>CLERK'S ACTION REQUIRED |

THIS MATTER is before the Court on Respondent's Motion for Summary Judgment (Motion). The Court has considered the Motion, the Declarations of Rebecca Smith and Captain Josh Bolender, and if filed, any Response and Reply filed in Support of Respondent's Motion, the files and records herein, and the Court is fully advised in the matter. After careful consideration the Court is persuaded that RESPONDENT'S Motion is **GRANTED**.

I.     DISCUSSION

In 2012, voters in the state of Washington passed Initiative Measure 502 (I-502), decriminalizing marijuana. I-502 is primarily codified in chapter 69.50 RCW. Statutory requirements for licensure included a three-month residency at the time of application. Wash. Rev. Code § 69.50.331 (2013). This requirement was later amended in 2015 to a six-month requirement. As pertinent here, it is undisputed that the statutory requirement applies to

///

[PROPOSED] ORDER GRANTING
RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

all members of Limited Liability Companies (LLCs) who are owners of or true parties of interest in marijuana businesses.

Brinkmeyer, an Idaho resident, where marijuana is illegal under state and federal law, has previously been vetted as a financier for marijuana businesses in Washington, but is interested in having the ownership of several marijuana retail businesses transferred to him. Based on the residency requirements, Brinkmeyer is unlikely to qualify for licensure.

Brinkmeyer claims that the Residency Requirements contained in Wash. Rev. Code § 69.50.331 (2020) and associated rules are unconstitutional. Brinkmeyer and the Board disagree.

This matter is now before the Court on Respondent's Motion for Summary Judgment.

The hereby Court **FINDS** as follows:

1. There are no material facts in dispute and the Washington State Liquor and Cannabis Board is entitled to judgment as a matter of law

2. **Standing**. Brinkmeyer has failed to establish that he has standing to bring this challenge. The Petition for Declaratory Judgment demonstrates that Brinkmeyer's claims are based on future contingent events that may never occur and he has failed to establish that he has suffered a concrete and particularized injury to a legally protected interest that is actual or imminent. Brinkmeyer also has failed to establish a legally cognizable interest to a marijuana retail license because marijuana remains federally illegal and is contraband per se. *Little v. Gore*, 148 F. Supp. 3d 936, 955 (S.D. Cal. 2015).

3. **Ripeness**. Brinkmeyer's claims are not ripe because they are entirely dependent on contingent future events.

4. **Dormant Commerce Clause.** Washington's Residency Requirements do not violate the dormant Commerce Clause. The Controlled Substance Act (CSA) is a legitimate exercise of Congress's Commerce Clause power, which has prohibited a national legal market and makes marijuana contraband per se. *Gonzales v. Raich*, 545 U.S. 1, 27 (2005). Given that Congress has exercised its Commerce Clause power, dormant Commerce Clause presumptions do not apply

[PROPOSED] ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

and there is no violation of the dormant Commerce Clause here. Further, the CSA forecloses a national market for marijuana and forecloses Commerce Clause protections. *Predka v. Iowa*, 186 F.3d 1082, 1085 (8th Cir. 1999). Even if a dormant Commerce Clause challenge could be asserted, the Court concludes that the Residency Requirements are "narrowly tailored to advance a legitimate local purpose" as set forth in the Declarations of Director Smith and Captain Bolender**.** *See Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449, 2461-62 (2019) (internal quotations omitted). This claim fails.

5. **Article IV Privileges and Immunities, Fourteenth Amendment Equal Protection, Privileges or Immunities Clauses and Due Process Clause.** The Court concludes that Brinkmeyer has no fundamental right to a marijuana retail license. *United States v. Fogarty*, 692 F.2d 542, 547 (8th Cir. 1982). As such, Brinkmeyer must establish that there are no reasonably conceivable state of facts that could provide a rational basis for the classification. *Heller v. Doe*, 509 U.S. 312, 319-21 (1993); *Washington v. Glucksberg*, 521 U.S. 702, 722 (1997). The Court concludes that Brinkmeyer has failed to do so. Additionally, the Court finds the justifications provided by Director Smith and Captain Bolender to be persuasive and provide numerous substantial reasons including, but not limited to, protecting Washington's prohibition on vertical integration and marijuana regulatory system, ensuring owners responsible for the business to be domiciled in Washington to be properly investigated, and following the enforcement priorities of the *Cole* Memo. The Court concludes that those justifications supply a rational basis for the Residency Requirements. These claims fail.

## II.   CONCLUSION

For the above reasons, this Court should grant Respondent's Motion.

ACCORDINGLY,

IT IS HEREBY ORDERED:

(1) Respondent's Motion for Summary Judgment is GRANTED (Dkt. # ___)

///

[PROPOSED] ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006

(2) The Clerk is directed to send copies of this Order to counsel for Brinkmeyer, and counsel for the Respondent.

Dated this _____ day of _____, 2022.

---

BENJAMIN SETTLE
UNITED STATES DISTRICT JUDGE

Presented by:
ROBERT W. FERGUSION
Attorney General

*s/Penny L. Allen*_____
PENNY ALLEN, WSBA No. 18821
ELLEN RANGE, WSBA No. 51334
Assistant Attorneys General
1125 Washington St SE
Olympia, WA 98501
Phone: (360) 586-0092
Email: PennyL.Allen@atg.wa.gov
Email: Ellen.Range@atg.wa.gov
Attorneys for Respondent

[PROPOSED] ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9006