HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD BRINKMEYER,<br><br>    Petitioner,<br><br>v.<br><br>WASHINGTON STATE LIQUOR AND CANNABIS BOARD,<br><br>    Respondent. | No. 3:20-cv-05661-BHS<br><br>WASHINGTON CANNABUSINESS ASSOCIATION AND CRAFT CANNABIS COALITION'S MOTION FOR LEAVE TO FILE AMICI BRIEF<br><br>NOTE ON MOTION CALENDAR: WITHOUT ORAL ARGUMENT<br>March 4, 2022 |

## I. INTRODUCTION

The Washington CannaBusiness Association ("WACA") and the Craft Cannabis Coalition ("CCC") respectfully move for leave to file the attached *amici curiae* brief in support of Plaintiff Todd Brinkmeyer's Motion for Summary Judgment. WACA and CCC are both trade groups that advocate on behalf of cannabis businesses throughout Washington and can offer the Court a unique perspective on the potential ramifications of the outcome of this case on the cannabis industry in the state and proper treatment of the federal constitutional rights of cannabis licensees. The Court should grant WACA and CCC leave to file the attached *amici curiae* brief. WACA and the CCC,

MOTION FOR LEAVE TO FILE AMICI BRIEF - 1
No. 3:20-cv-05661-BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  through their counsel, have consulted with counsel for Petitioner and for Respondent, who
2  indicated they will not be filing an objection to this Motion.

## II. STANDARDS OF REVIEW

District courts have "'broad discretion'" to allow amicus curiae briefs. *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond" what the parties provide. *Chong Yim v. City of Seattle*, No. C18-0736-JCC, 2018 WL 5825965 at *1 (W.D. Wash. Nov. 7, 2018) (internal quotes omitted). The "classic role" of amicus curiae is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law" that might otherwise escape consideration. *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). This Court has authorized the filing of amicus briefs in cases concerning issues of public importance. *See, e.g., Puget Soundkeeper Alliance v. APM Terminals Tacoma, LLC*, No. C17-5017 BHS, 2019 WL 2224920 (W.D. Wash. May 23, 2019) (granting third party groups' motions for leave to file amici curiae brief where "legal issues have potential ramifications beyond the scope of this litigation").

## III. INTERESTS OF AMICI CURIAE

WACA is an association of Washington's licensed and regulated cannabis and hemp businesses. Declaration of Vicki Christophersen ("Christophersen Decl.") ¶ 2. WACA provides its members with general support and representation before regulatory agencies and the legislature. *Id*. As an association of cannabis producers, processors, and retailers who have gathered to

MOTION FOR LEAVE TO FILE AMICI BRIEF - 2
No. 3:20-cv-05661-BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

promote the cannabis industry created by Washington's Initiative 502, as well as its burgeoning hemp industry, WACA's mission is to advocate on behalf of its member companies in the legislative, regulatory, and public policy arenas. *Id*.

The CCC is an advocacy group of Washington-based small and family-owned cannabis retailers. Since its foundation, the CCC has advocated for the sustainability and legitimacy of Washington's cannabis industry. Its mission is to protect and promote an equitable craft cannabis industry in Washington through advocacy, education, and relationships. Its work focuses on being a champion for small business, promoting a fair playing field, eliminating underage access to cannabis, and supporting social equity and fair access to capital.

WACA and CCC advocate on behalf of a state-created and regulated marketplace that directly employs 11,330 workers, supports 18,360 jobs across the state, generated $660.8 million in state and local tax revenues for public services in 2020 alone, and that has provided medical cannabis and other therapeutics for the treatment of chronic pain and other ailments for patients throughout the state. *See* Christophersen Decl. Ex. A.

The issues presented in this case are of special and broad significance to WACA and CCC members. The entire cannabis industry is tightly regulated by the Washington Liquor and Cannabis Board (the "LCB" or "State"). This case raises the issue of whether the State must respect the federal constitutional rights of cannabis licensees and market participants. The State benefits tremendously from the cannabis market it created and that it regulates, and the livelihoods of thousands of Washingtonians now depend on it. Whether the State is required to regulate cannabis businesses in a way that comports with the Constitution determines whether WACA and CCC members will be treated with fundamental fairness and can enforce the same basic rights as other citizens and business owners in this country.

MOTION FOR LEAVE TO FILE AMICI BRIEF - 3
No. 3:20-cv-05661-BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

WACA and CCC also have particular concerns with the State's requirement at issue in this case that applicants for a cannabis business license must have resided in the state for at least six months. This restriction unduly burdens WACA and CCC members. The requirement effectively precludes investment in the state cannabis industry from outside investors, including private equity, venture capital, the selling or transfer of a cannabis business, and mergers and acquisitions. *Id*. ¶ 3. Access to capital is a significant constraint on growth for many cannabis firms, the vast majority of which are small or family-owned businesses. *Id*. Restricted sources of investment inhibit the viability and scalability of such businesses, many of which have plans for growth but have difficulties in raising capital to finance expansion. *Id*. Some have even been forced to close or declare bankruptcy because they could not raise investment capital due to Washington's residency requirement, destroying the livelihoods of these business owners and their families. *Id*. The residency requirement also puts Washington cannabis businesses at a competitive disadvantage as compared to other out-of-state operations. Increasing the ability of these businesses to access capital from out of state would help them avoid insolvency, hire more workers, and promote safety and productivity.

## IV.     REQUEST FOR LEAVE

The Court should permit WACA and CCC to file the attached *amici* brief. Counsel for the proposed *amici curiae* are familiar with the scope of the arguments presented by the parties and will not unduly repeat those arguments. Rather, WACA and CCC will draw upon their distinct knowledge of the interests of cannabis businesses throughout the state to explain why the State's regulation of the cannabis industry is subject to enforceable federal constitutional safeguards. In particular, the *amici* brief provides an overview of federal cannabis law, describes the scope and significance of Washington's regulated cannabis industry, identifies the relevant factors federal

MOTION FOR LEAVE TO FILE AMICI BRIEF - 4
No. 3:20-cv-05661-BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

courts consider in determining whether or not rights are enforceable in the context of illegal conduct, and then applies those factors to demonstrate why the LCB should not be allowed to violate the federal constitutional rights of citizens in its licensing of cannabis businesses or regulation of the cannabis industry. WACA and CCC respectfully request that the Court consider this unique information and perspective in adjudicating this case, and that their motion for leave to file the attached *amici curiae* brief be granted.

DATED this 17th day of February, 2022.

PACIFICA LAW GROUP LLP

*s/ Taki V. Flevaris*
Taki V. Flevaris, WSBA #42555
Justin P. McCarthy, WSBA #58868

*Attorneys for Amici Curiae Washington CannaBusiness Association & Craft Cannabis Coalition*

MOTION FOR LEAVE TO FILE AMICI BRIEF - 5
No. 3:20-cv-05661-BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 17th day of February, 2022.

*s/ Thien Tran*

Thien Tran, Paralegal/Legal Assistant

MOTION FOR LEAVE TO FILE AMICI BRIEF - 6
No. 3:20-cv-05661-BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750