# EXHIBIT J

# FINAL BILL REPORT
# ESSB 5131

C 317 L 17
Synopsis as Enacted

**Brief Description**: Concerning marijuana with respect to privileges for research licenses, local authority notifications, the retail licensing merit-based application process, certain transfers of plants and seeds, licensing agreements and contracts, advertising, and jurisdictional requirements.

**Sponsors**: Senate Committee on Commerce, Labor & Sports (originally sponsored by Senators Rivers and Conway; by request of Liquor and Cannabis Board).

**Senate Committee on Commerce, Labor & Sports**
**House Committee on Commerce & Gaming**
**House Committee on Appropriations**

**Background**: Marijuana Producer's Licenses. The marijuana producer's license authorizes the licensee to produce marijuana for sale at wholesale to marijuana processors and other marijuana producers and to sell plants to medical marijuana cooperatives. There are no statutory provisions regarding the sale of immature plants, clones, or seeds.

Marijuana producers have criminal and civil immunity for their authorized commercial activities relating to the production of marijuana.

Marijuana Retailer's Licenses - Competitive Applications. In 2015, legislation was enacted to merge the recreational and medical marijuana systems. This merger required the closure of all unlicensed medical marijuana dispensaries and collective gardens and created a new system in which retail recreational marijuana businesses could obtain an additional license authorizing the retail sale of medical marijuana products.

In anticipation of the need for additional retail licensees in order to meet the demand created by the closure of the unlicensed dispensaries, the Legislature created a competitive, merit-based application process for those applying for retail licenses. Now that the merger of the recreational and medical marijuana systems is complete and the additional retail outlets have been licensed, the Liquor and Cannabis Board (LCB) is no longer accepting applications for retail licenses.

Marijuana Retailer's Licenses - Number. There are no statutory restrictions on the number of marijuana business licenses that may be issued to individuals, partnerships, or corporations.

---

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

<u>Marijuana Retailer's Licenses - Forfeiture.</u>  The LCB has discretion to grant or deny a license application or renewal.  Denial may be based on, without limitation, the existence of chronic illegal activity documented in objections submitted to the LCB from specified city, town, or county officials.  The LCB must give substantial weight to such objections.  The LCB has discretion to suspend or cancel any license.  The LCB is not authorized to establish a process of license forfeiture.

<u>Notice to Local Governments of Pending Applications.</u>  Before the LCB issues a new or renewed license to an applicant, the LCB must give notice of the application to the city or town where the business will be located.  If the application is for a license outside the boundaries of incorporated cities or towns, the notice is given to the county legislative authority.  The city, town, or county may file a written objection against the applicant or against the premises for both new licenses or renewals.  The LCB may extend the time period for submitting written objections.

<u>Medical Marijuana Cooperatives.</u>  Medical marijuana cooperatives consisting of up to four qualifying medical marijuana patients must purchase their plants from a licensed marijuana producer.  All members of the cooperative must hold medical marijuana recognition cards and be registered in the state database.  There are no provisions authorizing cooperatives to purchase marijuana clones or seeds.

<u>Medical Marijuana Patients and Designated Providers.</u>  Qualified medical marijuana patients and designated providers are authorized to grow marijuana plants, but they may only purchase plants from a marijuana producer if they are members of a medical marijuana cooperative.  There are other no statutory provisions that allow patients or providers to purchase plants, clones, or seeds.

<u>Transportation of Marijuana Products.</u>  A licensed marijuana producer, processor, or retailer may use the services of a common carrier to transport or deliver marijuana or marijuana products between licensed marijuana businesses located within the state.

<u>Marijuana Research Licensees.</u>  The LCB is authorized to adopt rules concerning the conditions under which a marijuana researcher may receive donated marijuana that is grown by a licensed marijuana producer.  There is no statutory authority for marijuana researchers to purchase or obtain immature plants, clones, or seeds from a marijuana producer.

Marijuana research licensees have immunity from criminal or civil liability with respect to the production, processing, delivery, donation, and sale of marijuana.

<u>LCB Board Member & Staff Immunity.</u>  The LCB's general authorizing statute contains a standard clause providing the board members and the board's staff with immunity from personal liability for any damages sustained by any person because of any acts performed, done, or omitted in the performance of their duties.  The immunity applies to those acts taken under the general authorizing statute.

<u>Trademarks and Trade Dress.</u>  Registration of a trademark provides the registered user with exclusive use of that trademark and protects against infringements upon the owner's rights.  A trademark may be registered with the U.S. Trademark and Patent Office or the Washington

Secretary of State's Office. Because of the federal prohibition on marijuana, it is generally not possible for marijuana businesses to receive federal trademark protection.

Unregistered trademarks which are used to distinguish a product or service have a more limited protection than registered trademarks, and are usually enforceable only in the area where the business is located.

Trade dress refers to a product's physical appearance, including its size, shape, color, design, and texture. Trade dress may also refer to the manner in which a product is packaged, promoted, or advertised. There is no formal registration requirement for trade dress. Trade dress receives its legal protection simply by distinctive and recognizable design.

Public Records Act. The Public Records Act (PRA) requires state and local agencies to make their written records available to the public for inspection and copying upon request, unless the information meets certain requirements for exemption.

Industrial Hemp. The Washington State Department of Agriculture (WSDA) is authorized to establish an industrial hemp research program, licensing program, and seed certification program.

General Restrictions on Marijuana Advertising. Licensed marijuana producers, processors, researchers, and retailers are prohibited from placing or maintaining an advertisement of marijuana, useable marijuana, marijuana concentrates, or a marijuana-infused product: (1) within 1000 feet of the perimeter of any school grounds, playground, recreation center or facility, child care center, public park, or library, or any game arcade admission to which is not restricted to persons 21 years of age or older; (2) on any public transit vehicle or public transit shelter; or (3) on any publicly owned or operated property.

Signs Outside of a Marijuana Retail Business. A licensed marijuana retailer is limited to two signs outside of the licensed premises that identifies the business or trade name. Each sign must be no larger than 1600 square inches and must be permanently affixed to a building or other structure. The signs may not be posted within 1000 feet from any elementary school, secondary school, or playground.

Advertising Penalties. The LCB must issue a fine in the amount $1,000 to a marijuana licensee for each violation of the restrictions on advertising.

Possession and Sharing of Marijuana. A person 21 years of age or older may lawfully possess any combination of the following amounts of marijuana products:
- 1 ounce of useable marijuana;
- 16 ounces of marijuana-infused product in solid form;
- 72 ounces of marijuana-infused product in liquid form; and
- 7 grams of marijuana concentrates.

However, the delivery or transfer of any quantity of a marijuana product is unlawful unless done by a licensed marijuana producer, processor, retailer, researcher, or transporter. A person who unlawfully delivers marijuana or possesses marijuana products in any amount with the intent to deliver is guilty of a Class C felony.

Organic Programs.  The National Organic Program ensures the integrity of the organic label by regulating all products certified to United States Department of Agriculture (USDA) organic standards.  In order to sell, label, or represent their products as organic, agricultural producers and processors must follow all of the specifications set out by the USDA organic regulations.

The WSDA Organic Program is accredited as a certification agent by USDA.  As a certification agent of the National Organic Program, WSDA Organic Program's role is to inspect and certify organic operations, verifying that they are meeting all of the requirements of USDA organic standards.

**Summary**: Marijuana Producer's Licenses.  Marijuana producers are authorized to produce immature marijuana plants, clones, and seeds for the sale to medical marijuana cooperatives, to certain qualifying medical marijuana patients, and to the patient's designated provider.  Immature marijuana plants and clones are defined as plants without flowers, that are less than 12 inches high, and less than 12 inches in diameter.

The criminal and civil immunity applicable to marijuana producers is extended to include commercial activities with licensed marijuana researchers involving the delivery, distribution, and sale of immature plants or clones, and marijuana seeds.

Marijuana Retailer's Licenses - Competitive Applications.  The competitive, merit-based application process for retail marijuana licenses is eliminated.

Marijuana Retailer's Licenses - Number.  The number of retail marijuana business licenses that may be held by an individual, partnership, or corporation are limited.  An individual retail licensee and all other persons or entities with a financial or other ownership interest in the business operating under the license are limited, in the aggregate, to holding a collective total of not more than five retail marijuana licenses.

Marijuana Retailer's Licenses - Forfeiture.  The LCB must adopt rules to establish a license forfeiture process for a licensed marijuana retailer that is not fully operational and open to the public within a specified period from the date of license issuance.  However, no marijuana retailer license may be subject to forfeiture: (1) within the first nine months of license issuance, or (2) during any period that the licensee is prevented from operating or opening the business due to a local ban or moratorium.

The LCB must require license forfeiture on or before 24 calendar months of license issuance if a marijuana retailer is not fully operational and open to the public, unless: (1) the LCB determines that circumstances out of the licensee's control are preventing the licensee from becoming fully operational, and (2) in the LCB's discretion, the circumstances warrant extending the forfeiture period beyond 24 calendar months.

The license forfeiture process applies to licenses issued before and after the effective date of the act.  However, no license is subject to forfeiture within the first nine months of the effective date of the act.

<u>Notice to Local Governments of Pending Applications.</u>  The notice provisions pertaining to applications for a marijuana license that is given to cities, towns, and counties is extended to include tribal governments and port authorities.  The LCB's extension of time to accept written objections must be based upon a request from the notified authority.

<u>Issuance of Marijuana Business Licenses Within Indian Country.</u>  The LCB is prohibited from issuing a marijuana business license for premises located within Indian country, including fee patent lands within the perimeter of a tribal reservation, without the consent of the federally recognized Indian tribe associated with the reservation or Indian country.

<u>Medical Marijuana Cooperatives.</u>  Medical marijuana cooperatives are also authorized to purchase marijuana clones or seeds from a licensed producer.

<u>Medical Marijuana Patients and Designated Providers.</u>  Qualified medical marijuana patients and designated providers may purchase immature plants, clones, or seeds from a licensed producer.  In order to purchase plants or clones the patients and providers must hold a recognition card and be entered in the medical marijuana authorization database.

<u>Transportation of Marijuana Products.</u>  A common carrier licensed to transport marijuana and marijuana products between licensed marijuana businesses may also transport immature plants, clones, and seeds.

<u>Marijuana Research Licensees.</u>  The LCB rule making authority is extended to set conditions under which a marijuana researcher may receive donated marijuana from a licensed marijuana producer.  Marijuana researchers and marijuana producers may purchase or obtain immature plants, clones, or seeds from each other.

The civil and criminal immunity applicable to marijuana research licensees is extended to include such activities involving immature plants or clones, and seeds.

<u>LCB Board Member & Staff Immunity.</u>  The LCB's general immunity from personal liability is extended to the board's duties performed under the separate chapters covering the Uniform Controlled Substances Act (UCSA) and the medical marijuana provisions.  The UCSA includes the board's duties relating to marijuana licensing and enforcement.

<u>Trademarks and Trade Dress.</u>  A licensed marijuana business may enter into a licensing agreement or consulting contract with any individual, partnership, employee cooperative, association, nonprofit corporation, or corporation.

<u>Public Records Act.</u>  Trade secrets, technology, proprietary, and financial information contained in any licensing agreements or consulting contracts entered into by a marijuana licensee are exempt from public disclosure under PRA.

<u>Industrial Hemp.</u>  The WSDA and the LCB must collaboratively study the feasibility and practicality of implementing a regulatory framework allowing industrial hemp produced in accordance with the industrial hemp research program to be sold or transferred to marijuana processors for processing into industrial hemp or marijuana products to be sold at retail for human consumption.

The WSDA may adopt rules to implement and enforce the provisions of the industrial hemp research program, including the authority to impose monetary penalties, license suspension or forfeiture, or other sanctions for violations of statutory and regulatory requirements.

<u>Legislative Findings on Marijuana Advertising.</u>  Legislative findings are made regarding the state's interest in limiting some marijuana advertising to help discourage and prevent children, youth, and young adults from underage consumption.

<u>Marijuana Advertising in General.</u>  Marijuana licensees are prohibited from using advertising:
- targeted to youth or take any action to increase the incidence of youth use of marijuana or marijuana products;
- targeted to persons residing outside of Washington;
- containing any objects, such as toys, inflatables, or movie or cartoon characters or other images or depictions that are likely to appeal to youth;
- outdoors that contains any depictions of marijuana plants, marijuana products, or images that might be appealing to children;
- outdoors in arenas, stadiums, shopping malls, fairs, farmers' markets, and video game arcades, whether open air or enclosed, excluding adult-only facilities;
- with commercial mascots, such as a live human being, animal, or mechanical device to attract the attention of motorists and passersby.  Commercial mascots include inflatable tube signs, persons in costume or wearing, holding, or spinning a sign.

<u>Signs Outside of a Marijuana Retail Business.</u>  In addition to identifying the business or trade name, the signs may also state the location and nature of the business.  The content and location of the signs must meet all other requirements and restrictions for marijuana advertising.

<u>Additional Advertising Requirements.</u>  All marijuana licensees' outdoor advertising, including billboards, are limited to text that identifies the business or trade name, the nature of the business, and its location.  All signs, billboards, or other print advertising for marijuana businesses or marijuana products must contain text stating that marijuana products may be purchased or possessed only by persons 21 years of age or older.  Indoor advertisements at a retail marijuana business, that are visible to the public from outside, must meet the requirements for outdoor advertisements.

<u>Transit Advertising.</u>  No marijuana licensees may engage in transit advertisements, which is defined as advertising on or within private or public vehicles and all advertisements placed at, on or within any bus stop, taxi stand, transportation waiting area, train station, airport, or any similar transit-related location.

<u>Advertising Rulemaking and Penalties.</u>  The LCB must adopt rules implementing advertising requirements applicable to marijuana business licensees.  The LCB is given the authority adopt rules regulating the text and images that are permissible on outdoor advertising.  The LCB's rules must establish escalating penalties including fines and possible suspension or revocation of a marijuana license for repeat violations.  The fines for advertising violations remains a mandatory fine of $1,000, until the LCB adopts the new rules.

<u>Local Governments - Advertising Restrictions.</u>  Local governments may adopt rules for marijuana retailers that have more restrictive provisions for outdoor marijuana advertising.  The local governments are responsible for the enforcement of their advertising restrictions.

<u>Possession and Sharing of Marijuana.</u>  The delivery by a person 21 years of age or older to one or more persons 21 years of age or older, during a 24-hour period, for noncommercial purposes and not conditioned upon or done in connection with the provision or receipt of financial consideration, of any of the following marijuana products, is not a violation of Washington law:
- 0.5 ounce of useable marijuana;
- 8 ounces of marijuana-infused product in solid form;
- 36 ounces of marijuana-infused product in liquid form; or
- 3.5 grams of marijuana concentrates.

The act of delivering marijuana or a marijuana product must meet one of the following requirements: (1) the delivery must be done in a location outside of the view of general public and in a nonpublic place; or (2) the marijuana or marijuana product must be in the original packaging as purchased from the marijuana retailer.

<u>Organic Programs.</u>  A voluntary marijuana production standard and certification program is created within the WSDA.  The program must be consistent with WSDA's existing organic program.  No marijuana or marijuana product may be marketed as meeting these standards unless covered by a WSDA-issued certification.  No marijuana or marijuana product may be marketed as organic as defined in statute.  WSDA is granted inspection and enforcement authorities, including actions against the certification and civil penalties. The civil penalty may not exceed the total of estimated enforcement costs plus $1,000.  LCB may take actions against a marijuana producer, marijuana processor, or marijuana retailer's license for ongoing violations.  Fees collected under the program are directed to an account in the agricultural local fund.

<u>Study Regarding the Legalization of Growing Marijuana at Home.</u>  The LCB must conduct a study of regulatory options for the legalization of marijuana plant possession and cultivation by recreational marijuana users.  The LCB's findings and recommendations are due to the Legislature by December 1, 2017.

<u>Prospective Application of the Act.</u>  This act applies prospectively only and not retroactively.  For causes of action of a substantive nature, the act applies only to legal issues that arise on, or after, the effective date of this act.  For causes of action of a procedural nature, the act applies only to legal actions that commence on, or after, the effective date of this act.

**Votes on Final Passage:**

| | | | |
|---|---|---|---|
| Senate | 48 | 0 | |
| House | 74 | 24 | (House amended) |
| Senate | | | (Senate refused to concur/ asked House for conference) |

<u>Conference Committee</u>
House     63   33
Senate    44   5

**Effective:** July 23, 2017